E. Blaine HALE, et al.

v.

Michael R. PETIT, et al.

Supreme Judicial Court of Maine.

Argued June 18, 1981.

Decided Dec. 9, 1981.

Amerling & Burns, W. John Amerling (orally), George F. Burns, Portland, for plaintiffs.

Preti, Flaherty & Beliveau, John P. Doyle, Jr. (orally), Thomas R. Kolb, Portland, for defendants.

Gerald F. Rodman (orally), Asst. Atty. Gen., Augusta, for Petit and Dept. of Human Services.

Before McKUSICK, C. J., and NICHOLS, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Before constructing a major health care facility, a developer must obtain a certificate of need from the Department of Human Services (Department) after undergoing the review process specified in the Certificate of Need Act, 22 M.R.S.A. §§ 301–322. In 1979 and 1980, the Department reviewed two applications to construct nursing homes in Franklin County. The application to construct Sandy River Nursing Care Center filed by Sandy River Associates (Sandy River) was sponsored by several of the defendants to this action.[1] The application to build Wyman Memorial Manor was proposed by Wyman Memorial Associates (Wyman) and sponsored by E. Blaine Hale and Loey Hale. Wyman and the Hales are the plaintiffs in this case. Recognizing a need for only one nursing home, the Commissioner of the Department granted a certificate of need to Sandy River and denied Wyman's application. The plaintiffs appeal the Superior Court's affirmance of that decision, raising several issues addressing the Department's procedures as well as the substantive decision. We affirm the judgment of the Superior Court.

The Sandy River and Wyman applications were for nursing homes of similar size, although they differed in the programs to be offered. Sandy River proposed a ninety-five-bed facility in Farmington with several innovative features, including clustered living units, and hospice care programs. Two of the Sandy River sponsors, defendants Leon M. Bresloff and Mary T. Bayer, were registered nurses interested in innovative concepts of elderly care. Wyman proposed a more conventional ninety-bed nursing home in Wilton. The Hales already operated five smaller nursing homes and eighty-six of the one hundred six beds in the Farmington area.

Treating them as competing applications, the Department placed both applications on the same review cycle, 22 M.R.S.A. § 307(6), and transmitted copies of the applications to the Maine Health Systems Agency (MHSA) for its review and comment.[2]

---

1. The defendant-sponsors of Sandy River are Leon Bresloff, Mary T. Bayer, Elizabeth Montfort, David Friedman and Shelter Group, Inc. Also named as defendants are the Department of Human Services and Michael R. Petit, the Commissioner of the Department.

2. Title 22 M.R.S.A. § 303(10) defines the Health Systems Agency as the not-for-profit corporation established in Maine in accordance with the National Health Planning and Resources Development Act of 1974, 42 U.S.C.A. § 300k et seq. (1974–1980 Supplementary Pamphlet). Under the review process set forth in 22 M.R.S.A. § 307 and the Procedural Manual of the

The MHSA staff recommended approval of Sandy River, citing especially its innovative programs and the benefits of competition between area nursing homes. Following a public hearing, however, both the Project Review Committee and the Board of the MHSA voted to approve Wyman and disapprove Sandy River, without explanation.

The Department's staff performed a lengthy review of both proposals, based on the applications, information submitted at the hearing before the MHSA, and newly submitted material. The staff expressed no preference on the proposed physical plant but preferred Sandy River in each of the other six categories that it used in its analysis. The Department staff considered the Sandy River application and planning to be "outstanding." The staff characterized Wyman's application as "poor," noting frequent changes in position, failure to timely provide needed information, inadequate responses, and misrepresentations. The staff concluded by recommending approval of Sandy River and disapproval of Wyman. Commissioner Petit followed the staff's recommendations, granting a certificate of need to Sandy River and denying Wyman's application. Wyman then petitioned for reconsideration, 22 M.R.S.A. § 310, contending that new evidence showed Bresloff's lack of fitness to operate a nursing home and listing several alleged procedural errors.[3] Commissioner Petit denied this peti-

tion. The plaintiffs then brought an action in Superior Court seeking relief from the Department's final decision. The Superior Court denied the requested relief and affirmed the Commissioner's decision. This appeal followed.

I. *The Scope of Appellate Review*

■ Title 22 M.R.S.A. § 311 provides:

Any person aggrieved by a final decision of the department made under the provisions of this Act shall be entitled to review in accordance with Title 5, chapter 375, subchapter VII, of the Administrative Procedure Act. A decision of the department to issue a certificate of need or to deny an application for a certificate of need shall not be considered final until the department has taken final action on a request for reconsideration under section 310.

The plaintiffs argue that section 311 provides for direct review in the courts of the Department's decision to issue or deny a certificate of need. We disagree. Section 311 merely provides *who* is entitled to review, *i. e.*, any person aggrieved by a *final decision*. By stating that the Department's decision to issue or deny a certificate of need is not final until final action has been taken on a request for reconsideration, the statute limits the class of people who are entitled to review, *i.e.*, because a person aggrieved by a decision to issue or deny a certificate when no final action has been taken on a request for reconsideration is

Department, the Department renders a decision as to the issuance of a certificate of need after considering the recommendation of the MHSA.

3. The petition for reconsideration states in part:

2. GENERAL GROUNDS FOR RECONSIDERATION. Wyman generally submits that a hearing should be held and that the granting and denial of the Certificates of Need at issue should be reconsidered on the grounds that this petition:

(a) Presents significant, relevant information not previously considered by the Department;

(b) Presents information which documents significant changes in factors of circumstances relied upon by the Department in reaching its decision;

(c) Presents information which demonstrates that the Department materially failed to follow its adopted procedures in reaching its decision; and,

(d) Presents other basis for a hearing including without limitation:

(1) information which demonstrates that Wyman was deprived of due process and fair play in the hearing of both applicants;

(2) information which demonstrates prejudice to Wyman resulting from the failure of the Department to establish criteria pursuant to 24 C.F.R. § 123.409 and other applicable federal and state law;

(3) information which demonstrates that the staff's treatment of Wyman was prejudiced and biased; and

(4) information which indicates that the decision of the Department was otherwise arbitrary, capricious and contrary to law.

*not* a "person aggrieved by a final decision," he is not entitled to review. Once final action on the reconsideration request has been taken, then he is a "person aggrieved by a final decision," and is entitled to review. But section 311 does not articulate *what* a person aggrieved by a final decision is entitled to have reviewed. Rather, it merely provides that a person entitled to review is entitled to "review in accordance with [5 M.R.S.A. §§ 11001–11008] of the Administrative Procedure Act."

Title 5 M.R.S.A. § 11001(1) does provide *what* a person aggrieved is entitled to have reviewed. It states in part that "any person who is aggrieved by final agency action shall be entitled to judicial review *thereof* in the Superior Court in the manner provided by this subchapter." (Emphasis added.) "Final agency action" is defined in the APA as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues . . ., *and for which no further recourse, appeal or review is provided within the agency.*" 5 M.R.S.A. § 8002(4) (emphasis added). Thus, the Department's initial decision to issue or deny a certificate of need is not reviewable, since further recourse is provided within the Department, *i.e.*, by a request for reconsideration. Rather, it is the Department's decision to deny the request for reconsideration that is reviewable.

■ The plaintiffs suffer no prejudice from this limitation on review, however. The bases upon which the Department may find good cause for granting a request for a rehearing are set forth in 22 M.R.S.A. § 310:

1. New Information. Presents significant, relevant information not previously considered by the department;

2. Changes in circumstances. Demonstrates that there have been significant changes in factors or circumstances relied upon by the department in reaching its decision;

3. Failure to follow procedures. Demonstrates that the department has materially failed to follow its adopted procedures in reaching its decision; or

4. Other bases. Provides other basis for a hearing that the department has determined constitutes good cause.

The scope of review under the APA is set forth in 5 M.R.S.A. § 11007(4):

4. Decision. The court may:

A. Affirm the decision of the agency;

B. Remand the case for further proceedings, findings of fact or conclusions of law or direct the agency to hold such proceedings or take such action as the court deems necessary; or

C. Reverse or modify the decision if the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by bias or error of law;

(5) Unsupported by substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion.

We interpret the four bases listed in 22 M.R.S.A. § 310 broadly so as to encompass all of the plaintiff's contentions which fall within the scope of review set forth in 5 M.R.S.A. § 11007(4). Thus, the plaintiffs could raise in their request for reconsideration any issue which they would have been able to raise on direct appeal of the decision to issue or deny a certificate of need, were such direct review possible. The net result of these statutory provisions is to require the plaintiffs to raise *all* of their issues in their request for reconsideration, since failure to raise an issue in the request will foreclose judicial review of that issue (because only the Department's denial of the request for reconsideration is before the court on appeal). Requiring presentation of all allegations of error to the Department in the request for reconsideration furthers our policy that the agency and not the appellate court should have the first opportunity to hear and determine alleged errors in the administrative process. *See Mechanic Falls Water Co. v. Public Utilities Commission,* Me., 381 A.2d 1080, 1105 (1977).

## II. *Failure to Permit Cross-Examination of Witnesses*

In the hearing held before the Health Systems Agency, each party was afforded full opportunity to present its view and to criticize the other's, but certain features of adjudicatory hearings such as the opportunity for cross-examination of witnesses were not present. The plaintiffs challenge the Department's procedures, relying upon the Maine Administrative Procedure Act, due process, and federal law.

### A. *Administrative Procedure Act*

■ The plaintiffs argue that the certificate proceedings are "adjudicatory proceedings" as defined in the APA, 5 M.R.S.A. § 8002(1), and therefore adjudicatory features such as cross-examination and swearing of witnesses are required. *See* 5 M.R.S.A. §§ 9056(2), 9057(3). It is not at all certain that the plaintiffs properly preserved this issue for review by previously raising it in their request for reconsideration. Assuming that the issue is properly before us, we conclude that the statutory scheme of the Certificate of Need Law as a whole indicates a legislative intent that the hearing and review process be separate from the APA. *See Sanford Highway Unit of Local 481 v. Town of Sanford*, Me., 411 A.2d 1010 (1980). Therefore, the APA adjudicatory procedures are not required.

■ Several characteristics of the Certificate of Need Law are inconsistent with the APA's adjudicatory procedures. First, the expeditious review and hearing process, required by the time limits imposed by 22 M.R.S.A. § 307(3), would be difficult to meet if the APA's adjudicatory hearing provisions apply. Second, the provisions for a hearing in the review process clearly are inconsistent with adjudicatory safeguards. For example, a hearing is held if requested "during the course of a review by either the department or the Health Systems Agency." 22 M.R.S.A. § 307(2). At this hearing, any person may present testimony. *See* 42 C.F.R. § 123.407(7)(i). The administrative record does not immediately close following the hearing. The Department is not precluded from taking additional information, especially where, as here, the hearing was held by the Health Systems Agency. Although the Health Systems Agency issued an opinion after the hearing, that opinion did not bind the Department.

In contrast, the APA limits public participation in adjudicatory proceedings, 5 M.R.S.A. § 9054, and requires that the decision be based only on evidence or other material submitted by the parties and entered in the record. *Id.* § 9059(4). Furthermore, the Department's choice between competing applications need not be based solely on a determination of which of the two facilities meets predetermined standards. The Department must conduct "a wider range of independent investigation to determine facts and ... a more complex balancing and reconciliation of interrelated interests, both public and private, to arrive at its conclusions." *Cumberland Farms Northern, Inc. v. Maine Milk Commission*, Me., 428 A.2d 869, 874 (1981).

Based on these distinctions, we conclude that the APA's adjudicatory procedures do not apply.

### B. *Due Process*

■ The requirements of due process vary with the type of proceeding.

[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional of substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976); *see In re Maine Clean Fuels, Inc.*, Me., 310 A.2d 736, 746–48 (1973).

■ Wyman contends that the Department's procedures deprived it of due process in that the parties should have been granted the right of cross-examination at the hearing. The Superior Court observed that for the certificate of need proceedings due process required that the applicants have the opportunity to present their proposals and that the applicants and the public be able to comment critically on competing applications. We agree with the Superior Court's assessment of what process was due, and with the court's conclusion the adequate procedures were provided.

■ Moreover, we do not see what additional benefit the plaintiffs would have gained from cross-examining witnesses. The applicants had ample opportunity at the hearing to furnish to the MHSA material both in support of their own application and critical of the competing application. Further, the parties were permitted to comment on criticisms of their proposals. The plaintiffs have not demonstrated how they were prejudiced by lack of cross-examination. *See In re Maine Clean Fuels, Inc.,* 310 A.2d at 748. In short, we find no deprivation of due process resulting from the procedures used by the Department.

### C. *Federal Law Requirements*

■ The plaintiffs raise for the first time on appeal their contention that a 1979 amendment to the National Health Planning and Resources Development Act, 42 U.S.C.A. §§ 300k–300n–5 (1974–1980 Supp. Pamphlet), required the Department to provide trial-type procedures during the review of certificate of need applications. This amendment, Pub. L. No. 96–79, § 116(d) states:

The following procedural requirements with respect to proceedings under a certificate of need program: ·

(A) Hearings under a certificate of need program shall be held before a State Agency or a health systems agency to which the State Agency has delegated the authority to hold such a hearing. In

a hearing under the program, any person shall have the right to be represented by counsel and to present oral or written arguments and evidence relevant to the matter which is the subject of the hearing, any person directly affected by the matter which is the subject of the hearing may conduct reasonable questioning of persons who make factual allegations relevant to such matter, and a record of the hearing shall be maintained. The requirements of this subparagraph do not apply to hearings held by a health systems agency in the performance of a review under section 300*l*–2(f) . . . .

42 U.S.C.A. § 300n–1(b)(12) (1974–1980 Supp.Pamphlet). This amendment, however, would not apply in the instant matter if the Secretary of Health, Education, and Welfare determined that the amendment's effective date should be delayed with respect to proceedings in this State. See Pub. L.No.96–79, § 129(b)(2). The defendants furnished to this Court documents purporting to show that the Secretary of H.E.W. made the necessary determination that would delay the amendment's effective date. Wyman filed a motion to strike these documents.

We do not reach this issue because Wyman failed to preserve this issue for review. The applicability of this amendment depends on a factual finding of whether the Secretary made the necessary determination; that factual finding should be made at the administrative level. *See August Realty, Inc. v. Inhabitants of Town of York,* Me., 431 A.2d 1289, 1290 (1981).

The parties in an administrative proceeding must raise any objections to the agency's practice at the administrative level in order to preserve their rights to appeal. *Mechanic Falls Water Co. v. Public Utilities Commission,* Me., 381 A.2d 1080, 1105 (1977). The reason for the rule is so "the agency and not the appellate court should have the first opportunity to rule on the objectionable practice." *Id.* By failing to properly raise the issue when they had the

opportunity, the plaintiffs forfeited the possibility of appellate review.[4]

### III. *Arbitrary and Capricious Conduct of the Department*

The plaintiffs allege several procedural defects that, they conclude, made the Department's conduct arbitrary, capricious and contrary to law.

### A. *Post Hearing Modifications of the Applications and Ex Parte Contacts With the Applicants*

After Sandy River's application was determined complete, 22 M.R.S.A. § 306(4), and following the hearing before the MHSA, Sandy River submitted several changes to its application. The plaintiffs contend that these modifications and the related *ex parte* contacts between Sandy River and the Department denied it due process and violated the Department's procedures. Wyman points to three changes in Sandy River's application. First, at the Department's request, Sandy River submitted additional mortgage cost comparisons of the two facilities. Second, Sandy River sent a letter to the Department explaining their sewage treatment system. Third, in response to the Department's concerns about Bresloff's administrative skills, Sandy River notified the Department that he would work only as a nurse, not as a supervisor, at the facility.

We cannot perceive how these actions deprived the plaintiffs of due process. Wyman made several changes in its application that were more substantial than the changes in Sandy River's application. Furthermore, the Department acted properly in accepting additional information and contacting the applicants to clarify points in the applications. The Certificate of Need Law provides for a hearing "in the course of a review," 22 M.R.S.A. § 307(2), and thereby suggest that the Department may continue to accept new material before making its decision. In addition, the Department's regulations specify that the applicants may submit revised applications at any time before the Department makes its initial decision.

### B. *The Commissioner's Failure To Make Required Findings*

As notification of his decision to deny Wyman's application, the Commissioner sent Wyman a one-page letter summarizing his reasons for not choosing that proposal, accompanied by the report of the Department's staff, which provided a detailed comparison of the two projects. The plaintiffs assert that the Commissioner's explanation did not meet the statutory requirement that the notice to the applicant explain the basis for the decision. 22 M.R.S.A. § 307(5). This contention is frivolous. The staff report was thorough and well organized. The Commissioner's letter adequately summarized its main points. Together, the letter and the report sufficiently apprise the applicant and the public of the basis for the decision and allow for effective judicial review. *See Gashgai v. Board of Registration in Medicine*, Me., 390 A.2d 1080 (1978).

The plaintiffs also urge that the notice of decision was inadequate because it failed to give a "detailed statement of the reasons for the inconsistency" between the MHSA recommendation and the Department's decision. *See* 22 M.R.S.A. § 307(5). It is true that the Commissioner did not directly compare his reasoning with that of the MHSA. The Agency, however, failed to provide any explanation for its decision. The statement of the reasons for the inconsistencies is intended to protect against arbitrary departmental action. The detailed staff report sufficiently indicates that the Commissioner did not act arbitrarily.

### C. *The Department's Reliance on Improper Criteria In Reaching Its Decision*

The plaintiffs contend that the Commissioner relied on criteria not permit-

---

4. Because we do not reach the issue of the effect of the statutory amendment, we also dismiss as moot Wyman's motion to strike.

ted by state or federal law in evaluating the applications. Specifically, the plaintiffs state that the impermissible factors include the quality of developers, the experience of the parties, the availability of respite and hospice care, and the effect on competition for health services. The plaintiffs assert that the use of these factors is impermissible because they are not expressly listed in state or federal statutes. Title 22 M.R.S.A. § 309(2) does list several criteria, but instructs that the department shall consider them *among other criteria.* The Commissioner is authorized, therefore, to consider factors not expressly listed as long as these factors rationally relate to the purposes of the Certification Act. Federal law, similarly, allows for exercise of the Commissioner's discretion. *See* 42 U.S.C.A. § 300n–1(c) (1974–1980 Supp.Pamphlet). Therefore, the Commissioner acted properly.

### IV. *Sufficiency of the Evidence*

 In their petition for reconsideration, the plaintiffs argue that evidence purportedly showing Bresloff's lack of fitness to hold a position at Sandy River indicated that the Department's decision was unsupported by substantial evidence. Even accepting these allegations as true, information relating to the role of one individual does not render the Department's decision unreasonable when the Department found the Sandy River application equal or superior to Wyman's in every category measured.

Finally, the plaintiffs contest the Superior Court's denial of their motion to consider additional evidence concerning agency bias. The plaintiffs cite only the *ex parte* contacts between the Department and Sandy River as evidence of bias, without explaining how they were prejudiced. The Superior Court did not abuse its discretion by denying the motion.

The entry is:

Plaintiffs' Motion to Strike dismissed as moot.

Judgment affirmed.

All concurring.