Linwood GIBERSON, Jr.

v.

Rodney S. QUINN [1].

Supreme Judicial Court of Maine.

Argued May 14, 1982.

Decided May 27, 1982.

Hanscom & Carey, P. A., Thomas S. Carey (orally), Rumford, for plaintiff.

James E. Tierney, Atty. Gen., Peter J. Brann (orally), Doris A. Harnett, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

CARTER, Justice.

The plaintiff, Linwood Giberson, appeals the decision of the Superior Court, Oxford County, denying his Rule 80B appeal. Giberson asserts that the Superior Court erred in ruling that the statutory time limit for filing a request for a hearing following the suspension of a motor vehicle operator's license is constitutionally valid. The plain-

1. The complaint named as defendants David Schulz, Adjudications Manager, Motor Vehicle Division, and Rodney Quinn, Secretary of State. The parties agreed at oral argument that Schulz should be deleted as a defendant.

tiff also contends that the trial court erred in its finding that Giberson's disability did not toll the running of this time period. We affirm the judgment of the Superior Court.

## I.

Pursuant to 29 M.R.S.A. § 1312 [2] any person who operates a motor vehicle in the State of Maine is "deemed to have given consent to a chemical test to determine his blood-alcohol level by analysis of his blood or breath, if there is probable cause to believe he has operated . . . a motor vehicle while under the influence of intoxicating liquor." Revocation of this implied consent, after being advised of the consequences thereof, results in the suspension of one's license and privilege to operate for 180 days. 29 M.R.S.A. § 1312(1), (2). The Secretary of State is required to notify the individual of the suspension, and if the suspendee "desires to have a hearing, he shall notify the Secretary of State within 10 days, in writing, of such desire." 29 M.R.S.A. § 1312(2).

Giberson was notified by the State in a letter dated November 18, 1981, that his driver's license was suspended for his refusal to submit to a blood-alcohol level test on November 14, 1981. The letter also stated that the suspension would commence on December 2, 1981, and that a hearing could be requested within ten days of receipt of the letter. Plaintiff's complaint suggests that he received this letter on December 2, 1981.

The complaint also avers that on December 17, the plaintiff requested, by telephone, and on December 23 requested, by letter, a hearing on the suspension. The letter sent by plaintiff's counsel states that Giberson was unable to comply with the ten day period "because of mental incapacity due to depression and inability to understand the consequences of his failure to so notify the State." David Schulz, Adjudications Manager, Motor Vehicle Division, re-

jected this request on the ground that the request was not received prior to December 12, 1981.

Giberson then filed his 80B complaint in Superior Court demanding that the notice provision of section 1312(2) be declared void as violative of the Due Process and Equal Protection Clauses of the Maine and United States Constitutions. The Superior Court denied the 80B appeal without opinion, ruled that the ten day statutory period was constitutional and found that Giberson failed to support a claim that the period was tolled. The instant appeal followed, expedited on the motion of the plaintiff and by order of the Chief Justice.

## II.

▪ We first address Giberson's contention that the brevity of the statutory period for requesting a hearing renders section 1312 violative of the due process provisions of both the Maine and United States Constitutions. That a State must observe the strictures of due process whenever it moves to deprive a person of his motor vehicle operator's license is a well established rule of law. See *Mackey v. Montrym*, 443 U.S. 1, 10 n.7, 99 S.Ct. 2612, 2617 n.7, 61 L.Ed.2d 321, 329 n.7 (1979); *Dixon v. Love*, 431 U.S. 105, 112, 97 S.Ct. 1723, 1727, 52 L.Ed.2d 172, 179–80 (1977); *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94 (1971); *Brennan v. Johnson*, Me., 391 A.2d 337, 340 (1978). It is equally clear that due process is a flexible concept which entails no particular form of procedure. *Ethyl Corporation v. Adams*, Me., 375 A.2d 1065, 1072 (1977); *In re Maine Clean Fuels, Inc.*, Me., 310 A.2d 736, 746 (1973). Resolution of the question of what procedures satisfy due process in a particular context typically requires consideration and accommodation of a number of factors including the importance of the private interest involved, the potential for governmental error and the magnitude of the state's interest. *Logan v. Zimmerman*

---

**2.** Section 1312 was amended by P.L.1981 c. 615 and c. 679 §§ 12–28 in a manner not pertinent to this appeal.

*Brush Co.,* —— U.S. ——, ——, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265, 277 (1982); *Mackey v. Montrym,* 443 U.S. at 10, 99 S.Ct. at 2617, 61 L.Ed.2d at 329; *Hale v. Petit,* Me., 438 A.2d 226, 231 (1981); *In re Maine Clean Fuels, Inc.,* 310 A.2d at 746–48.

■ Giberson suggests that the duration of the statutory period is unconstitutional in light of the significance of a driver's license to an individual as balanced against the lack of harm to the state's interest because of the continuation of the suspension during the pendency of the proceedings, and the lack of prejudice to the state's defense if a hearing occurs at anytime within the suspension period. We agree that the deprivation of an operator's license is a serious one in view of the importance of an operator's license in our mobile society, *see Bell v. Burson,* 402 U.S. at 539, 91 S.Ct. at 1589, 29 L.Ed.2d at 94; *Jordan v. Roberts,* 246 S.E.2d 259, 262 (W.Va.1978), and the length and impact of a license suspension, *see Mackey v. Montrym,* 443 U.S. at 11–12, 99 S.Ct. at 2617, 61 L.Ed.2d at 330. Even though the continued suspension of a license may well adequately protect the state's interest in preserving the safety of its highways,[3] we conclude that the effect of such a balancing of interests does not compel the finding that the statutory period itself is invalid.

■ Here, Giberson does not challenge the nature and timing of the hearing but rather the time frame in which a right can be asserted. It is beyond dispute that the state may erect reasonable procedural requirements to the exercise of a right to an adjudication. *Logan v. Zimmerman Brush Co.,* —— U.S. at —— n.7, ——, 102 S.Ct. at 1157 n.7, 1159, 71 L.Ed.2d at 277 n.7, 279. The state is not required to give every claimant a hearing on the merits in all cases. *Id.* at ——, 102 S.Ct. at 1159, 71 L.Ed.2d at 279. All that is necessary is a meaningful *opportunity* to assert the claim. *See, id.; Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950) (notice must be calculated to apprise parties of pendency of action and afford reasonable opportunity to present objection). Thus, given the nature of the constitutional challenge at bar, we evaluate the statutory procedure as a procedural prerequisite and examine whether an opportunity is available to assert a claim rather than treat the limitation period as a deprivation of property rights requiring assessment of the propriety of official action.

We conclude that the statutory period is not unreasonable. Maine law is replete with relatively brief time periods in which a party is required to act or otherwise risk the loss of rights. *See, e.g.,* M.R.Civ.P. 12(a) (answer to complaint within twenty days); M.R.Civ.P. 45(d) (objection to subpoena within ten days); D.C.C.R. 80D(b), (e) (seven days notice of trial in forcible entry and detainer action); D.C.Crim.R. 37(c) (appeal period of five days; period now 10 days under 15 M.R.S.A. § 2111).[4] In *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court upheld, against a due process challenge, an Oregon eviction procedure that provided for *trial* on limited issues within two to six days after service unless security for accruing rent was provided. *See also Missouri ex rel. Hurwitz v. North,* 271 U.S. 40, 42, 46 S.Ct. 384, 385, 70 L.Ed. 818, 821 (1926) (twenty day notice of hearing to revoke a physician's license held reasonable). Here, Giberson is required, after receipt of notice and within ten days of the effective date of the suspension,[5] to merely notify the state

---

3. We intimate no opinion on whether this interest would be sufficient to justify suspension of a license without prior hearing. *Compare Mackey v. Montrym,* 443 U.S. at 17–19, 99 S.Ct. at 2620, 61 L.Ed.2d at 334–35 with *Mackey v. Montrym,* 443 U.S. at 25–27, 99 S.Ct. at 2624, 61 L.Ed.2d at 339–340 (Stewart, J., dissenting). That issue is not before this Court.

4. We do not hold that these time periods are *per se* constitutional in all circumstances. We only cite them as indicative of the time frame within which parties are typically expected to act. Moreover, we note that in most cases, the time periods prescribed by rules of procedure are subject to enlargement by the trial court.

5. Counsel for the state represented both in oral and written argument that the statutory period

of his desire to have a hearing. He is not required to go to trial or file allegations within this statutory period. While a longer period or express ameliorating provisions for untimely filings would provide greater access, we cannot conclude that, given the limited nature and significance of the action required of Giberson, he was deprived of a meaningful opportunity to assert his claim to a hearing.

Giberson also asserts that the ten day period runs afoul of the protections afforded by the equal protection provisions of the State and Federal Constitutions. He suggests that those who do not timely request hearings are within a classification scheme and then argues that no rational basis exists for the statutory distinction. Assuming without deciding that the statutory period creates a constitutionally recognizable distinction between claimants,[6] the burden still rests on the challenging party to demonstrate by clear and irrefutable evidence the irrationality of the distinction. *Beaulieu v. City of Lewiston*, Me., 440 A.2d 334, 338 (1982). Giberson has failed to meet this burden. His bald assertions, unsupported by facts, as to the lack of any rational basis for such classification fails to persuade us that the scheme is arbitrary or irrational.

## III.

■ Giberson's argument on appeal that the ten day period was tolled by his mental disability raises two questions: first, whether, in the absence of an express provision tolling the running of the statutory period, an exception to the time requirement is implicit within the statutory scheme; second, whether the trial court

erred in concluding the plaintiff's mental condition did not toll the running of the period.

We need not reach the first question because we find that even under the most liberal of tolling provisions, we cannot conclude that the Superior Court erred in its factual determination that Giberson "failed to support a claim that the period was tolled." The record on appeal contains no transcript of the hearing below. No affidavits were submitted into evidence. In short, we are without any means to review the conclusion of the Superior Court and therefore must assume that the trial court's decision is supported by the record generated below. *See Wildes v. Pens Unlimited Co.*, Me., 389 A.2d 837, 841–42 (1978); *Jacobson v. State Highway Commission*, Me., 347 A.2d 426, 427 (1975); *see also Baker v. Baker*, Me., 444 A.2d 982, 984 (1982).

The entry is:

Judgment affirmed.

Mandate of this Court to issue forthwith.

All concurring.

---

runs from the effective date of the suspension, in this case December 2, 1981. The letter from the state provides that the period runs from date of receipt. Giberson's complaint, however, suggests that notice was received on December 2, 1981. Thus, the difference in this case is one without a distinction. As applied in this case, we evaluate the statute as requiring both receipt of notice and commencement of the suspension as prerequisites to the running of the ten day period.

**6.** In *Logan v. Zimmerman Brush Co., supra,* two concurring opinions recognized that a classification scheme could be created by a statute that bars claims not processed in a timely manner. This type of classification scheme was viewed by concurring Justice Blackmun as "unconventional." Moreover, the time bar in that case was the failure of the Illinois Fair Employment Practices Commission to convene a hearing within the requisite time period; the claimant had timely filed. Here, it is the claimant who had control over whether the time period had expired.