1997 ME 218

**Russell FARLEY**

v.

**TOWN OF WASHBURN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Nov. 10, 1997.

Norman G. Trask, Currier & Trask, P.A., Presque Isle, for plaintiff.

John J. Wall, III, Thomas F. Monaghan, Monaghan, Leahy, Hochadel & Libby, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Russell Farley appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming his dis-

charge as an employee of the Town of Washburn. He contends on appeal that his status as an employee of the Town entitled him to protection from discharge without sufficient cause and without procedural safeguards, and that his firing was without cause and without sufficient due process. We are unpersuaded by Farley's contentions and affirm the judgment.

[¶ 2] Farley was fired by the Town Manager from his position as a highway maintenance worker in February of 1995.[1] Pursuant to the Town's personnel policy, Farley requested and was granted a hearing before the Town Council. Farley's appeal of his discharge to the Council was unsuccessful, and after the hearing his discharge was confirmed by the Town Manager in a letter. Farley appealed his dismissal to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court affirmed the Town Council's action and this appeal followed.

[¶ 3] Farley relies on statutory provisions set out in 30–A M.R.S.A. to argue that he has a property interest in his employment and that he could not be discharged without cause.[2] The only statutory argument advanced by Farley before the Superior Court is that he is protected pursuant to 30–A M.R.S.A. § 2601(1).

30–A M.R.S.A. § 2601(1) provides in part:

**1. Appointment of Officials and Employees** Except when specifically provided by law, charter or ordinance, the municipal officers shall appoint all municipal officials and *employees required by general law, charter or ordinance* and may remove those officials and employees for cause, after notice and hearing.

(emphasis added). The Superior Court correctly concluded that section 2601 applied only to those municipal positions required to be filled by statute, by town charter or by ordinance, and that Farley's position as a highway maintenance worker was not required by "general law, charter or ordinance." Accordingly, because the court correctly determined that the provisions of section 2601 do not apply to Farley's position, he cannot rely on that section as the source of a property right entitling him to due process and protection from termination without cause.

[¶ 4] For the first time, on appeal, Farley contends that he was one of the "other officials, subordinates [or] assistants," pursuant to 30–A M.R.S.A. § 2636(6), that he was appointed by the Town Manager, and that pursuant to section 2636(14) he could be removed only by the Town Manager and only for cause after notice and hearing.[3]

1. Although Farley asserts that he was fired by his immediate supervisor, the record supports the Superior Court's determination that it was the Town Manager's decision to discharge him.

2. Farley claims his termination deprived him of a property interest in continued employment with the Town which gives rise to due process protection. "The requirement of procedural due process applies to deprivations of liberty or property interests." *Barber v. Town of Fairfield,* 460 A.2d 1001, 1005 (Me.1983) (citing U.S. Const., amend. 14; Me. Const., art. I § A). These property interests flow not from the Constitution, but "from an independent source such as state law." *Lovejoy v. Grant,* 434 A.2d 45, 50 (Me.1981) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). "A property interest in public employment can be created by a statute or ordinance that restricts the grounds on which an employee may be discharged." *Lovejoy,* 434 A.2d at 50. *Cf. Hammond v. Temporary Compensation Review Bd.,* 473 A.2d 1267, 1272 (Me.1984) (employee must show "existing law or rules, or mutual understandings, wherein his claims of entitle-

ment are secured and may be supported"); *Krennerich v. Town of Bristol,* 943 F.Supp. 1345, 1352–53 (D.Me.1996) ("[A] public employee has no property interest sufficient to invoke the Fourteenth Amendment's due process guarantees unless the applicable statute or employment contract requires that employment may be terminated only on a showing of 'cause')."

3. Title 30–A M.R.S.A. § 2636 provides in part:

The *town manager*:
6. **Appoint town officials.** Unless otherwise provided by town ordinance, *shall* appoint, supervise and control all town officials whom the municipal officers are required by law to appoint, except members of boards, commissions, committees and single assessors; and *appoint, supervise and control all other officials, subordinates and assistants,* except that the town manager may delegate this authority to a department head and report all appointments to the board of selectmen.
14. **Remove appointments.** Has exclusive authority to remove for cause, after notice and hearing, all persons whom the manager is autho-

[¶ 5]   Because it was not raised before the Superior Court, the Town contends that Farley's claim based on section 2636 has not been preserved.   We decline to review an issue if the trial court lacked the opportunity to make a final disposition of that issue.   *See Harrington v. Town of Garland,* 381 A.2d 639, 643 (Me.1978).   *See also Balkan v. Johnston,* 561 A.2d 177, 178 (Me.1989) (plaintiff's failure to raise issue at trial precludes appellate review).   Issues must be raised at the trial court level to ensure that the focus of legal issues be narrowed through fact finding and to insure that all factual disputes be resolved prior to appeal.[4]   *See Hale v. Petit,* 438 A.2d 226, 232–33 (Me.1981); *Reville v. Reville,* 289 A.2d 695, 697–98 (Me.1972).   Although we will consider an issue raised and preserved if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue, *see Chasse v. Mazerolle,* 580 A.2d 155, 156 (Me. 1990), the only consideration by the Superior Court given to the Town Manager's removal power was Farley's argument that the Town Manager could not remove him.   To that court, Farley argued *against* the position he now asserts, relying on 30 M.R.S.A. § 2601(1) to contend that the *Town Council,* and not the Town Manager, had exclusive authority to appoint and remove him.   Farley's presentation before this court of the exact *opposite* theory presented to the trial court requires a wholly different statutory analysis.   Farley has failed to preserve his claim based on section 2636(6) and (14) and we decline to address its merits.

[¶ 6]   Farley also contends that the Town's Personnel Policy limits the ability of the Town to discharge him without cause. We disagree.   Because the personnel policy does not set out a method of discharging employees, but only provides for a method of resolving work-related grievances in general, Farley's claim is without merit.   *Taliento v. Portland West Neighborhood Planning Council,* 1997 ME 194, ¶ 10–11, 705 A.2d 696. *Libby v. Calais Reg'l Hosp.,* 554 A.2d 1181, 1183 (Me.1989).

The entry is:

Judgment affirmed.

rized to appoint and report all removals to the board of selectmen.   (Emphasis added).

4.   Farley's appeal was pursuant to M.R. Civ. P. 80B. Rule 80B(d) provides the court with authority to hold a trial to determine factual issues.