STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-45
JRA-KEN-10/31...

MICHAEL CLOUTIER,

     Plaintiff/Appellee

v.

KENNEBEC TOOL & DIE CO., INC.,

     Defendant/Appellant

DECISION AND ORDER

This matter is before the court on defendant's M.R. Civ. P. 76D appeal of the District Court's Judgment dated April 10, 2001 (District VII, Div. of So. Kennebec (Anderson, J.)).

## I.    Facts and Procedural History

The facts as found below may be restated as follows. In December of 1994, defendant Kennebec Tool and Die Company (Kennebec) purchased a precision grinding tool for $14,000 from plaintiff Michael Cloutier. Kennebec paid a $6000 deposit on the tool on December 2, 1994 and an additional $4000 at the time of delivery, the date of which is unclear in the record. By the terms of the customer invoice, the final $4000 payment was due within 30 days of the date of delivery, but Kennebec failed to pay this last amount. Cloutier filed a claim in Small Claims court on January 18, 2001. The District Court entered judgment in favor of the plaintiff in the amount of $4000 plus $40 in costs. The Notice of Judgment states the

1

following finding: "Not barred by Statute of Lims. accrued in mid-January, 1995."

Kennebec has now appealed to this court, pursuant to M.R. Civ. P. 76D, on the sole ground that the District Court erred in finding the original claim was not barred by the statute of limitations.

## II. Discussion

The narrow issue presented on appeal is whether the sale of a grinding tool to should fall within Article 2 of the Uniform Commercial Code. If so, the sale is governed by section 2-725 which places a four-year statute of limitations on all actions for breach of contract. 11 M.R.S.A. § 2-725 (1) (Supp. 2000). The appellee, however, argues that this claim may be characterized as an action on an account, which is governed by the more generous six-year statute of limitations. 14 M.R.S.A. § 752 (Supp. 2000).

The appellant's position is that the sale of the grinding tool falls squarely within the definition of sale of goods as contemplated by UCC Article 2. The grinder is an "identifiable, movable thing" as defined by 11 M.R.S.A. § 2-105(1), and, although the terms of sale listed on the customer invoice contain a reference to painting services, the "predominant feature of the transaction" relates to the sale of goods, not services. *Smith v. Urethane Installations, Inc.*, 492 A.2d 1266 (Me. 1985); *Cambridge Plating Co. v. Napco*, 991 F.2d 21 (1st Cir. 1993).

The appellee presents several arguments in opposition. First, he contends that Kennebec has failed to provide an adequate record for review and, in the absence of a transcript from the lower court proceedings, the judgment must be

affirmed. "An appellant has the burden of providing the reviewing court with an adequate record upon which consideration can be given to the arguments advanced in support of the appeal." *International Silver Co. v. DiGirolamo*, 475 A.2d 1143, 1144 (Me. 1984) (citing *State v. Meyer*, 423 A.2d 955, 956 (Me. 1980); *Boothbay Register, Inc. v. Murphy*, 415 A.2d 1079, 1080 (Me. 1980); *Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980)). The appellee also cites the court to the case of *Putnam v. Albee*, 1999 ME 44, 726 A.2d 217, as support for his assertion that this appeal is unreviewable. In *Putnam*, the Law Court refused to disturb a damage award in the absence of a transcript because there was "no basis in the record to support it." *Id.* at ¶ 10. This case does not present a similar difficulty. The record here contains a dated and signed invoice which, when combined with the lower court's findings, provide sufficient record for this court's review of the application of the appropriate statute of limitations.

In addition, the appellee charges the appellant with having waived any claim as to the applicable statute of limitations by failing to raise that issue at trial. *See Morris v. Resolution Trust Co.*, 622 A.2d 708, 714 (Me. 1993). Although there is no trial transcript, the court below specifically ruled on the statute of limitations issue in the Judgment of April 10, 2001. It follows then, regardless of how this issue was raised below, that the trial court must have had the opportunity to decide this issue and that finding may now be reviewed by the Superior Court for clear error. *Farley v. Town of Washburn*, 1997 ME 218, ¶ 5, 704 A.2d 347; M.R. Civ. P. 76D.

Finally, the appellee contends that the limitations period in UCC § 2-725

3

should be applied only in product liability cases where breach of warranty is alleged and not in cases where the breach involves the buyer's failure to make payment. He cites no case law to support this particular assertion, but relies solely on a series of Maine cases that have applied § 2-725 to situations involving defective goods. *See Oceanside at Pine Point Condominium Owners Assoc. v. Peachtree Doors, Inc.*, 659 A.2d 267 (Me. 1995); *Cyr v. Michaud*, 454 A.2d 1376 (Me. 1983). Instead, he pursues the argument, as noted, that this case should be treated as action on an account and as such should be governed by a six-year statute of limitations.

This attempt to characterize the debt as an action on an account is unavailing. An action on an account is generally defined as appropriate where the parties have conducted a series of transactions for which a balance remains to be paid. 1 AmJur 2d § 8, Accounts and Accounting. A recent case from Ohio provides some definitional assistance as to this phrase. "An action on an account . . . has no magical qualities . . . [t]he underlying transactions do not lose their character simply by being part of a series. If the account represents a sale of goods, UCC Article 2 applies and . . . . § 2-725 provides a four-year limitations period, rather than a six-year limitation period applicable to other transactions." *Int'l Periodical Dist. v. Bizmart, Inc.*, UCC Rep. Serv. 2d 1173, 2001 WL 104920 (Ohio App. 8 Dist.) (citations omitted).

An appeal taken pursuant to M.R. Civ. P. 76D shall be reviewed on questions of law only. Whether a claim is barred by the statute of limitations is a question of law, reviewed de novo. *Francis v. Stinson*, 2000 ME 173, ¶ 56, 760 A.2d 209. Any findings of fact of the District Court shall not be set aside unless clearly erroneous.

4

M.R. Civ. P. 76D. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *State v. MacKenzie*, 161 Me. 123, 210 A.2d 24 (1965) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

In this court's view, the sale of the grinding tool in the present case is a sale of goods and, as such, is governed by Article 2 of the Uniform Commercial Code. The appropriate statute of limitations for an action alleging breach of contract under Article 2 is four years from time the action accrued. 11 M.R.S.A. § 2-725. The District Court found that the action in this case accrued in mid-January, 1995. Accordingly, any action by the plaintiff must have been filed by mid-January 1999 when the limitations period expired. The current case was filed on January 18, 2001, two years after the expiration of the statute of limitations, and, therefore, the District Court erred in finding that the present action was not time-barred.

Therefore the entry will be:

The decision of the District Court is VACATED. REMANDED to the District Court to dismiss the claim, consistent with this opinion, as barred by the applicable four-year statute of limitations.

Dated:   Oct. 31 , 2001

John R. Atwood
Justice, Superior Court

5