Arthur BALKAN

v.

Bernard JOHNSTON, et al.

Supreme Judicial Court of Maine.

Argued June 9, 1989.

Decided July 20, 1989.

Eric Cote (orally), Cote & Guillory, Saco, for plaintiff.

T.A. Fitanides (orally), Biddeford, for defendants.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendants, Bernard and Sue Ann Johnston, appeal from that part of a judgment of the Superior Court (York County, *Bradford, J.*) awarding attorney fees to the plaintiff, Arthur Balkan. The judgment was entered after a jury found that the Johnstons owe Balkan the principal and interest on a loan, evidenced by a written instrument described as a promissory note. Because the Johnstons did not contest Balkan's claim for attorney fees in a timely manner before the trial court and because the written instrument, signed by the Johnstons and found to evidence the obligation of the Johnstons to repay the loan to Balkan, provided for reasonable attorney fees, we affirm the judgment.

In his complaint Balkan sought recovery from the Johnstons for a $15,000 loan, interest, costs and attorney fees for collection.[1] Balkan's loan was evidenced by a written instrument that he labels a "promissory note." The written instrument, which is in the form of a bank demand note and tailored by the parties to the transaction, provides for the payment on demand of $15,000 at the rate of $1,000 per year plus ten percent interest payable to the order of Arthur P. and Chorenia Balkan. The written instrument also "grants the holder the right to reasonable attorney's fees and costs for the collection of the note and all indebtedness and obligations...." The Johnstons signed the instrument not as makers, but in the area labeled "endorsement" and the language in the endorsement guaranteed the obligation.

It was undisputed at trial that the Johnstons received $15,000 from Balkan. There were only two issues tried by the parties and decided by the jury that related to the $15,000 transaction. The first was whether the money advanced by Balkan to the Johnstons was a loan that the Johnstons were obligated under writing to repay, or whether the money was given as a gift, with no obligation to repay. Second, the jury considered an alternative defense

1. In his complaint, Balkan contended that the Johnstons owed him three separate sums of money that he had loaned them. In Count III of the complaint, the only count relevant to this appeal, Balkan asserted that the Johnstons owed him $15,000, interest, costs and attorney fees.

**178**

presented by the defendants—whether the Johnstons were discharged from an obligation to pay the money back by a separate agreement. The jury determined that the advance was a loan, finding that the Johnstons intended the instrument, labeled a demand note, to be a promise to pay the $15,000. The jury rejected the defense that the loan was discharged. The court then entered judgment for $15,000, plus interest, costs, and $2,836.79, which the court found to be reasonable attorney fees provided for in the instrument. After entry of the judgment, the Johnstons raised the attorney fee issue for the first time, objecting in a letter to the court on the ground that the instrument was not a note and did not provide for attorney fees.[2] They subsequently filed an appeal to this court on the attorney fee issue.

The case was presented to the jury on the issue of whether the $15,000 was a gift or was a loan that had to be paid back under contract law. The loan was evidenced by the written instrument signed by the Johnstons that clearly provided for the payment of attorney fees incurred in collecting the loan. Despite this provision and the fact that Balkan had consistently sought recovery of attorney fees during this litigation, the Johnstons did not raise at trial the issue of whether their signatures obligated them to pay attorney fees. Thus the issue was not addressed by Balkan nor directly decided by the jury. The failure of the Johnstons to raise the issue in a timely fashion at trial precludes their pursuing it on appeal. *See Poire v. Manchester*, 506 A.2d 1160, 1164 (Me.1986); *Graybar Elec. Co., Inc. v. Sawyer*, 485 A.2d 1384, 1388 (Me.1985).

Moreover, the Johnstons' argument that they are not obligated to pay attorney fees because the instrument is not a valid promissory note within the meaning of Article 3 of the Maine Commercial Code is without merit.[3] Whether the instrument was a promissory note under Article 3 is irrelevant to the obligation for attorney fees. A promise to pay need not be in the form of a negotiable promissory note. *See PP Inc. v. McGuire*, 509 F.Supp. 1079, 1086 (D.N.J.1981) ("The fact that [a] promissory note is not a negotiable instrument within the meaning of Article 3 does not mean that it cannot be enforced as a contract."); *Griffin v. State*, 357 N.E.2d 917, 923 (Ind. Ct.App.1976) ("[A]n item does not necessarily have to be negotiable to be an 'instrument'...."); W. Hawkland & L. Lawrence, *Uniform Commercial Code Series* § 3–1401:02 (1984). In the instant case, the jury, after having been instructed on the law of contracts, found that the written instrument was evidence of a contract binding the Johnstons to pay back money loaned to them by Balkan. A contract, whether or not a negotiable promissory note, may provide for the recovery of attorney fees. *See Interstate Indus. Uniform Rental Service v. Couri Pontiac, Inc.*, 355 A.2d 913, 923 (Me.1976). The written instrument in this case unequivocally provided for the collection of attorney fees and it was signed by the Johnstons. The court properly awarded attorney fees to Balkan.

The entry is:

Judgment affirmed.

All concurring.

---

2. The Johnstons do not raise the reasonableness of the amount of the attorney fees as an issue on appeal.

3. *See* 11 M.R.S.A. § 3–104 (1964).