MACHIAS SAVINGS BANK

v.

Daniel T. LONGFELLOW, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.

Decided July 31, 1995.

**236**

Laurie A. Dart & Lorena R. Rush, Eaton, Peabody, Bradford & Veague, Bangor, for plaintiff.

Marvin H. Glazier, Vafiades, Brountas & Kominsky, Bangor, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Marohl Construction, Inc., a party in interest, appeals from the entry of a summary judgment entered in the Superior Court (Penobscot County, *Marsano, J.*) in favor of Machias Savings Bank (Bank). Marohl con-

tends that a summary judgment was improperly granted because the Bank's mortgage, to which Marohl's mortgage was subordinated, should not have been given priority status. Finding Marohl's contentions to be without merit, we affirm the judgment of the Superior Court.

On December 31, 1986, Marohl conveyed property to Daniel Longfellow, Thomas Longfellow, and Hollis Condon (Borrowers). By mortgage deed, the Borrowers gave a mortgage to Marohl to secure a debt in the amount of $216,262.08. The mortgage included a clause pursuant to which Marohl agreed to subordinate its interest to a mortgage deed "hereafter given" under specified conditions.[1]

In May 1987, the Borrowers executed and delivered a mortgage deed and promissory note to the Bank in the amount of $275,000.00.[2] In conjunction with this mortgage, Marohl executed a subordination agreement in the Bank's favor.[3] Marohl received $99,779.19 from the Bank.

1. In part, the subordination clause in the mortgage states:

    Grantee covenants and agrees to subordinate the mortgage deed interests herein conveyed to a mortgage deed hereafter given by Grantor to a third party upon the conditions as follows: (1) The total principal indebtedness for which the mortgage deed shall issue is not in excess of Two Hundred Seventy-five Thousand Dollars ($275,000.00), [with interest not in excess of prime plus three percent (3%)] fully amortizable in equal monthly installments of principal and interest over a term not in excess of ten (10) years, and terms which shall further prohibit additional extensions of credit under said mortgage deed, including without limitation, a refinancing of the obligation to the originally stated amount at any time during the term of said indebtedness without the approval and consent of the Grantee herein.

2. On May 12, 1987, draft copies of the promissory note and mortgage deed were faxed by the Bank to Marohl's attorney, John Becker. The draft version of the promissory note contained a loan term of fifteen years. This term was changed in the final version. In pertinent part, the final promissory note provides:

    [The borrowers] ... promise to pay to the order of [the bank], the principal sum of two hundred seventy-five thousand and 00/100 dollars ($275,000.00), or so much thereof as may be advanced, together with interest thereon computed from the date of each advance at a

rate determined by the holder hereof, which rate shall be three percent (3%) per annum in excess of the most recently established base rate of the Bank of Boston....

Principal and interest shall be due and payable in monthly installments commencing one month from the date hereof and continuing on the same day of every month thereafter. The amount of each such installment shall be the amount required to amortize the then remaining principal balance at the then current rate of interest over the then remaining number of installments. *For the purpose of such calculations, the total number of such installments shall be one hundred eighty (180). On the date fixed for the payment of the one hundred twentieth (120th) such installment, however, the entire principal balance and accrued interest, if not sooner paid, shall be due and payable in full.* (Emphasis added.)

3. The subordination agreement states in pertinent part:

    NOW THEREFORE, MAROHL CONSTRUCTION, INC., by its officers duly authorized, does subject and subordinate the aforesaid Mortgage Deed, lien and interests contained therein to the Deed and Mortgage Lien delivered by DANIEL T. LONGFELLOW, THOMAS A. LONGFELLOW and HOLLIS E. CONDON to the MACHIAS SAVINGS BANK and contemporaneously recorded in order to secure the payment of $275,000.00 by them to said bank and the lien securing the indebtedness to

On September 1, 1993, the Bank filed a complaint for foreclosure against the Borrowers in the District Court (Bangor) alleging that the Borrowers' failure to pay taxes and keep the title clear of superior liens breached their mortgage agreement. The complaint also listed Steak Houses of Maine, Inc., Marohl, Murray, Plumb and Murray, the State of Maine, Maine Propane Energy, Inc., and Maine Coal Sales Co. as parties in interest and sought a determination of priority among them. The Borrowers did not contest the foreclosure action. Marohl answered the complaint, alleging as an affirmative defense that the Bank did not comply with the subordination agreement. Pursuant to M.R.Civ.P. 76C, the case was removed to the Superior Court.

The Bank subsequently moved for a summary judgment. The Superior Court granted the motion in favor of the Bank and issued an order and judgment of foreclosure and sale.[4] This appeal by Marohl followed.

A summary judgment may be granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law.

M.R.Civ.P. 56(c). The "burden of demonstrating clearly that there is no genuine issue as to any material fact and that [a party] is entitled to a judgment in [its] favor as a matter of law" is placed on the party seeking the summary judgment. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me.1985). We review the grant of a motion for a summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered. *Fisherman's Wharf Assoc. II v. Verrill & Dana*, 645 A.2d 1133, 1135 (Me.1994).

■ In support of its contention that the Bank's mortgage does not have priority over its mortgage, Marohl first contends that the terms of the mortgage note between the Bank and the Borrowers do not conform to the terms of Marohl's commitment to subordinate contained in the mortgage deed granted by the Borrowers to Marohl. We agree that there is some variance between the terms of the note issued to the Bank and the terms of Marohl's commitment to subordinate contained in the mortgage deed. The note to the Bank, although payable in ten years, as is required in the commitment to subordinate agreement, provides for the last installment to be a balloon payment, the previous payments having been computed as though the mortgage was payable over fifteen years. The subordination agreement refers to equal payments. In this case, however, such a variance is not fatal to the Bank's position because Marohl had full knowledge of the variance when it proceeded to subordinate its mortgage.

Marohl received copies of the promissory note and mortgage deed prior to executing the subordination agreement. It made no objection, agreed to subordinate its mortgage in the Bank's favor, and accepted payment of $99,779.19. Marohl "had a reasonable opportunity to know the character or essential terms of the proposed contract," and its conduct was "effective as a manifestation of assent" to the contents of the documents. *Restatement (Second) of Contracts* § 163 cmt. b (1981); *see In re Estate of Whitlock*, 576 A.2d 748, 749 (Me.1990) (party signing Agreement Among Successors with full knowledge of shortcomings in inventory and accounting methods was foreclosed from raising issue as to validity of that part of agreement).

■ In addition, Marohl contends that the Bank's forbearance in the collection of the Borrowers' debt for two years and the payment of property taxes by the Bank constitutes further extension of credit in contra-

MAROHL CONSTRUCTION, INC., shall remain secondary and inferior to the same.

4. A default judgment was entered against the State of Maine; Steak Houses of Maine, Inc. was dismissed as a party to the action. The court determined Marohl to have priority over the remaining parties in interest.

vention of the subordination agreement.[5] Marohl, however, provides no authority for the proposition that forbearance or payment of property taxes by the mortgagee constitutes an "extension of credit" to the Borrowers as that term is used in the subordination agreement or as it is commonly understood. Because tax liens have priority over other types of liens, 36 M.R.S.A. § 943 (1990), it is common practice for a mortgagee to pay taxes on property that the mortgagor is under a duty to pay in order to protect its interest in the property.[6] *See* 55 Am.Jur.2d *Mortgages* § 284 (1971) (mortgagee entitled to reimbursement for taxes paid in order to protect interest).

■ Nor can Marohl point to a requirement that the Bank was required to immediately foreclose in the event of the Borrowers' default. The Bank's mortgage contains an optional acceleration clause, and there is no language in the subordination agreement requiring that such accelerations be immediate and mandatory. Furthermore, the "general rule is that a renewal or an extension of an existing senior mortgage and note or other obligation secured thereby, without any increase of principal or interest payable with respect to the secured indebtedness, will not result in any loss of priority of the senior mortgage over junior encumbrances." 55 Am.Jur.2d *Mortgages* § 330 (1971). The Superior Court correctly entered a summary judgment.

The entry is:

Judgment affirmed.

All concurring.

---

**5.** In its brief, Marohl also raises the issue of the Bank's breach of its duty to Marohl as the subordinate lien holder. This issue was not raised before the Superior Court and therefore, is not properly before us on appeal. *See Balkan v. Johnston*, 561 A.2d 177, 178 (Me.1989) (defendants' failure to contest issue of attorney fees at trial precluded appellate review of issue).

**6.** In fact, the mortgage deed expressly provides that the Bank may protect its interest in the property by paying any tax or other charge against the property.