2001 ME 20

**Lloyd WELLS et al.**

v.

**PORTLAND YACHT CLUB et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2000.

Decided: Jan. 30, 2001.

S. James Levis Jr., Esq., Levis & Hull, P.A., Biddeford, for plaintiffs.

Gary D. Vogel, Esq., Aaron P. Burns, Esq., Lambert, Coffin, Rudman & Hochman, Portland, (for PYC), Amy K. Tchao, Esq., Drummond Woodsum & MacMahon, Portland, (for Town of Falmouth), for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Lloyd Wells, Ellen Wells, Zbignew J. Kurlanski, Dee Kurlanski, Joseph Kilbride, Kathleen Kilbride, Roswell Y. Furman and Jennifer Furman (hereinafter Wells) appeal from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) affirming the Falmouth Zoning Board of Appeals' approval of the Portland Yacht Club's conditional use request for the construction of a building for boat storage and use by the junior sailing program. Wells contends that the Board erred in approving the conditional use request because a sufficiently similar request had been rejected within one year; the junior sailing program is an impermissible conditional use; the grant enlarged a nonconforming use; the request was not supported by substantial evidence; and the grant violated shoreland zoning. We affirm the judgment.

## I. FACTS AND PROCEDURE

[¶ 2] The Club property is located in a residential district at the end of Old Powerhouse Road, and the Club operates the junior sailing program to teach children of both members and nonmembers to sail. On April 29, 1998, the Board denied the Club's request for conditional use approval "to construct a new building to house the junior program and store small boats at Old Powerhouse Rd." On March 1, 1999, the Club filed a conditional use request for the "construction of a building as part of the existing Portland Yacht Club, that measures 30′ × 40′ to store small boats nine months a year and use as classrooms during the summer for the Junior Sailing

Program." The Club's conditional use request was discussed at a Board meeting, and the public participated through oral and written comments. On March 30, 1999, the Board approved the Club's conditional use request with conditions.[1]

[¶ 3] Wells filed an appeal pursuant to M.R. Civ. P. 80B in the Superior Court. The court upheld the Board's conditional use approval, finding that: the ordinance banning resubmission of a conditional use request within one year was not violated;[2] the Club's use is a permitted conditional use; and the remaining arguments could not be sustained on the record. This appeal followed.

## II. STANDING

 [¶ 4] The Club contends that Wells does not have standing. To appeal a decision of the Board, "a party must (1) have appeared before the board of appeals; and (2) be able to demonstrate a particularized injury as a result of the board's action." *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 6, 746 A.2d 368, 371 (quotations and citation omitted). The minutes of the Board meeting indicate that the appellants, described as abutters or residents of Old Powerhouse Road, voiced their concerns for traffic, noise and aesthetics. Thus, the appellants have standing to bring this appeal. *See id.* ¶¶ 6–7, 746 A.2d at 371 (finding "[t]he threshold requirement for an abutter to have standing is minimal" because a party appealing as an abutter "need only allege a potential for particularized injury to satisfy the stand-

ing requirement") (quotations and citation omitted).

## III. TIMING REQUIREMENT

 [¶ 5] Wells contends that the approval of the conditional use request violates section 8.8(*l*), which prohibits the Board from considering a second appeal of a similar nature within one year from the date of the denial of the first appeal. Falmouth, Me., Falmouth Zoning Ordinance § 8.8(*l*). "Generally, a party in an administrative proceeding must raise any objections it has before the agency for the issue to be preserved for appeal." *Berry v. Bd. of Trustees, Me. State Ret. Sys.*, 663 A.2d 14, 18 (Me.1995). A party must raise any objection to the agency "to ensure that the agency, and not the court, has the first opportunity to pass upon the claims of the parties." *Oliver v. City of Rockland*, 1998 ME 88, ¶ 7, 710 A.2d 905, 907. An issue is considered raised and preserved for appeal "if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue." *Farley v. Town of Washburn*, 1997 ME 218, ¶ 5, 704 A.2d 347, 349.

[¶ 6] Wells contends that the issue was raised to the Board through letters and comments that generally state that the concerns raised by Wells at the hearing for the Club's first conditional use request continue to exist. These letters and comments were not sufficient to alert the Board and the Club to the existence of the issue that the Club's conditional use request violated the timing requirement; therefore, the issue cannot be raised here.

---

1. The conditions specified in the approval are:
 1. No landscaping within [a specified nonappealing abutter's] property right of way.
 2. The number of students in the sailing program shall be limited to 60 per session.

3. Activities at the proposed building are to cease by 8:00 PM.

2. The Superior Court also determined that this issue was arguably waived "by the plaintiffs below, but given the record here the court does not need to rely upon waiver ...."

## IV. CONDITIONAL USE

[¶ 7] Wells contends that the Board erred in allowing an impermissible conditional use in a residential district because, while the Club is a "private club," a permitted conditional use, the junior sailing program is not. A "private club" is defined in the ordinance as: "A group of people organized for a common purpose to pursue common goals, interests or activities, such as social or recreational, and usually characterized by certain membership qualifications, payment of fees or dues, and a constitution and bylaws." FALMOUTH, ME., FALMOUTH ZONING ORDINANCE § 2.116. "[A]ny use not specifically allowed as either a permitted use or a conditional use is specifically prohibited." *Id.* § 1.5.

[¶ 8] "Whether a proposed use falls within the terms of a zoning ordinance is a question of law." *Underwood v. City of Presque Isle,* 1998 ME 166, ¶ 9, 715 A.2d 148, 151. "The language at issue must be construed reasonably and with regard to both the ordinance's specific object and its general structure." *Lewis v. Town of Rockport,* 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049 (quotations and citation omitted). "Moreover, we construe a statute to avoid absurd, illogical, or inconsistent results." *Wright v. Town of Kennebunkport,* 1998 ME 184, ¶ 5, 715 A.2d 162, 164.

[¶ 9] The language of the ordinance is not so narrow that it excludes a private club from operating a program that charges tuition and allows the public to participate. *See* FALMOUTH, ME., FALMOUTH ZONING ORDINANCE § 2.116. The definition of "private club" does not include any limitation regarding public access or participation; instead, the definition characterizes a "private club" as a "group of people." *See id.* The ordinance also states that a "private club" is "usually characterized by certain membership qualifications, payment of fees or dues." *Id.* This language does not limit the use of a "private club" to those who pay fees or dues, and it does not prevent a private club from charging other fees, such as tuition. *See id.* Furthermore, the junior sailing program teaches boating skills to children, an integral part of the predominant goal of the Club, which is to promote and facilitate boating. *See Underwood,* 1998 ME 166, ¶ 11, 715 A.2d at 151–52. Therefore, the Board did not err as a matter of law in approving the conditional use request. Because we agree that the Club and its junior sailing program are permitted conditional uses, we need not consider Wells's contention that the conditional use approval enlarged a nonconforming use.

## V. SUFFICIENCY OF THE EVIDENCE

[¶ 10] Wells contends that the Club failed to satisfy the requirements of section 8.3(c), (d), (e) and (h).[3] "The appli-

---

3. The Club was denied the initial conditional use request for failure "to satisfy section 8.3 c, d & e." Section 8.3 states in pertinent part:

Conditional uses may be granted by the Board of Appeals after considering the characteristics and location of the proposed use and of other properties in the surrounding neighborhood, provided that the petitioner shall submit to the Board statements in writing, which may be accompanied by diagrams or photographs which shall be-

come part of the record of the such petitions, demonstrating that the proposed use:

. . . .

c. will not have a significant detrimental effect on the use and peaceful enjoyment of abutting property as a result of noise, vibrations, fumes, odor, dust, light or glare;

d. will not have a significant adverse effect on adjacent or nearby property values;

cant is responsible for demonstrating to the board that each of the statutory prerequisites is satisfied." *Forester v. City of Westbrook*, 604 A.2d 31, 32 (Me.1992). Recently we stated that if an agency's findings of fact are insufficient to apprise us of the basis of the agency's decision and whether it is supported by substantial evidence, we should usually remand to the agency for further findings of fact. *Christian Fellowship and Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶ 10, 14, 769 A.2d 834. In some cases, however, "the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary." *Id.* ¶ 19, 769 A.2d at 840.

[¶ 11] The record reflects that the Board questioned the Club about the requirements in section 8.3, and the minutes of the meeting state that a Board member "reviewed the conditional use standards[,] finding that the applicant satisfied those standards if conditions were placed on an approval." We find that the communications in the meeting between the Board, the Club, and the appellants and the conditions the Board placed on approval support the Board's implicit finding that the Club satisfied the requirements for receiving conditional use approval. *See id.; see also Forester*, 604 A.2d at 33 (stating that "[i]f there is sufficient evidence on the record, the Board's decision will be deemed supported by implicit findings").

## VI. SHORELAND ZONING

[¶ 12] Wells also contends that by granting the conditional use request, the Board violated various shoreland zoning provi-

 e. will not result in significant hazards to pedestrian or vehicular traffic or significant traffic congestion;

 . . . .

 h. will be served adequately by, but will not overburden, existing public services

sions. We find that Wells failed to preserve this issue for appeal.

The entry is:

Judgment affirmed.

and facilities, including fire protection services, sanitary sewers, roads, water and storm drainage systems.

<span style="font-variant: small-caps">Falmouth, Me., Falmouth Zoning Ordinance</span> § 8.3.