STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 FEB 10 A 11: 50

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-09
TEH -CUM- 2/10/2003

MARK THOMPSON and
JILL THOMPSON-STETZ

Plaintiff,

v.

TOWN OF CASCO,

Defendant.

and

BILLEO, INC.,

Intervenor.

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

APR 9 200.

This matter is before the court on appeal of the plaintiffs from the decision of the Town of Casco's Planning Board ("Board") and Zoning Board of Appeals ("ZBA") approving the subdivision plan of the intervenor Billeo, Inc. ("Billeo").[1] M.R. Civ. P. 80B.

BACKGROUND

In June 2001, Billeo submitted an application to the Board for a seven lot major subdivision in Casco, Maine known as Kettle Cove Estates Subdivision, together with a 200' dock facility in Kettle Cove on Sebago Lake. The proposed subdivision is located in a Residential and Resource Protection Zone within the Shoreland District of Sebago Lake. The plaintiffs own land abutting Billeo's property.

---

[1]Leo Menard was the original intervenor in this action, but was properly replaced by Billeo after Bileo acquired all of Menard's rights and interests in the subdivision at issue. Billeo adopted the arguments made by Mr. Menard, as did the Town of Casco.

1

On December 12, 2001, the Board approved Billeo's subdivision plan and dock facility. The Board's decision was the culmination of an extensive review spanning several meetings at which opinions were solicited, concerns were expressed, and professional and expert findings were received and weighed.

On the advice of the Town's Code Enforcement Officer, the plaintiffs appealed the Board's subdivision and dock decisions to the ZBA. On January 28, 2002, the ZBA voted to deny the appeal. On February 27, 2002, the plaintiffs appealed the ZBA's denial to this court.

On appeal, the plaintiffs argue that the Board failed to make factual findings sufficient to satisfy the statutory requirements for subdivision approval, and failed to address the environmental impact of the dock and the resulting boat traffic. They seek a remand, a stay of any development, costs, and an evidentiary hearing.

DISCUSSION

A.    Subdivision Approval

The Town of Casco's Subdivision Ordinance ("Subdiv. Ord.") governs the subdivision application and approval process. *See* R. at 428-502. It is separate and distinct from the Town's Zoning Ordinance ("Zon. Ord."). *See* R. at 503-680; *see also Levesque v. Inhabitants of Town of Eliot*, 448 A.2d 876, 877 (Me. 1982) ("subdivision ordinances are not zoning ordinances"). Applications for subdivision approval are made to the Board. Because the Subdivision Ordinance does not set forth a procedure for appeal from decisions by the Board, anyone aggrieved by its subdivision decisions must appeal directly to the Superior Court. *See* M.R. Civ. P. 80B.

2

The Board's decision to approve the Billeo subdivision was made on December 10, 2001. The plaintiffs had thirty days in which to file an appeal with the court. M.R. Civ. P. 80B. Their appeal was filed on February 27, 2002, and, therefore, was not timely.

B.    Approval of Shoreland Permit for Dock Facility

Applications for a shoreland permit for a dock facility are also made to the Board but are governed by the Zoning Ordinance. Zon. Ord., R. at 621. Although Billeo sought to erect the dock facility in conjunction with its subdivision application, the dock presented the Board with discrete issues that it had to consider under the Zoning Ordinance, which also provided that an appeal of the Board's decision had to be taken to the ZBA, and from there to the Superior Court. *Id.* The ZBA's decision regarding the dock facility was made on January 28, 2002, and the plaintiffs appeal of that decision to this court was timely.

In this case, the ZBA served as an appellate administrative tribunal deciding whether "there is error" in the decision being appealed. Zon. Ord., R. at 623. When the ZBA serves in an appellate capacity the Superior Court reviews the decision of the Board and not that of the ZBA. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368 (quoting *Veilleux v. City of Augusta*, 684 A.2d 413, 415 (Me.1996)). The court reviews the Board's decision for an error of law, abuse of discretion, or findings of fact not supported by substantial evidence in the record. *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 266. The court must review only the record established before the Board in order to determine whether the standards have been met.

3

*Sahl v. Town of York*, 2000 ME 180, ¶ 11, 760 A.2d 266. This Court may not substitute its judgment for that of the Board. *Id.*

Remand is only appropriate if the Board's findings of fact are insufficient. *Christian Fellowship and Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶ 14-19, 769 A.2d 834 (holding insufficient findings regarding organization's charitable status made judicial review inappropriate and possibly detrimental to legal determinations). "In some cases, however, 'the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary.'" *Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 10, 771 A.2d 371 (finding adequate support for the factual findings in the communications among the Board, the Defendant, and the Plaintiffs) (quoting *Christian Fellowship and Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶ 14-19, 769 A.2d 834).

Although the Board's written findings are sparse, it is clear from the record that the Board considered substantial evidence concerning environmental impacts (including conformance with the Shoreland Zoning Statute), and the impact of the dock and attendant boat traffic on water quality. The record of the Board's five meetings on Billeo's application demonstrate a substantial effort to address all issues presented by the plaintiffs, other individuals, and organizations. The Board generated more than 400 pages of minutes, plans, correspondence, deliberations, compromises, findings and conclusions. *Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 10, 771 A.2d 371 (finding that some facts may be inferred from the record and the general factual findings). In this overall context, the court cannot conclude

4

that the Board's determinations and decision were not not supported by substantial evidence in the record, or were not consistent with the applicable ordinances and goals of the Town of Casco.

The court also concludes that the Board and the ZBA did not abuse their discretion or commit any errors of law. *Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259.

2.   Equitable Estoppel

Finally, the court does not agree with the plaintiffs argument that they reasonably relied on the Code Enforcement Officer's advice to appeal the Board's subdivision decision to the ZBA, and that the Town is equitably estopped from arguing that the appeal was inappropriate. "Proper application of equitable estoppel rests on a factual determination that the declaration or acts relied upon must have induced the party seeking to enforce the estoppel to do what resulted to his detriment and what he would not otherwise have done.'" *F.S. Plummer Co. Inc. v. Town of Cape Elizabeth*, 612 A.2d 856, 860 (Me. 1992) (quoting *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 103-104 (Me. 1984). However, "[t]he facts *must* also show that the reliance was reasonable." *Id.* (emphasis added).

Plaintiffs rely on City of *Auburn v. Desgrosseilliers*, 578 A.2d 712, 714 (Me. 1990), which held that plaintiffs' reliance on the CEO's recommendation and subsequent expenditure of $500,000 was sufficient to equitably estop the Defendant municipality from enforcing an ordinance against plaintiff. *Desgrosseilliers* is distinguishable from the instant case. In *Desgrosseilliers* the plaintiff relied on the town official's advice in seeking a zoning change to allow

5

property to be used as a nursery/landscaping business. The advice was specifically related to permitted uses in different zoning districts. In the present case, the plaintiffs sought legal advice from the town's CEO. Such reliance is not reasonable. *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d at 106 (Me. 1984) (holding that the improper verbal representations of the building inspector did not estop the Zoning Board of Appeals from taking action against plaintiff); *F.S. Plummer Co. Inc. v. Town of Cape Elizabeth*, 612 A.2d at 861 (Me. 1992) (holding reliance on "oral unauthorized representations of a municipal official, where a written building permit is required for a project, is unreasonable as a matter of law"); *Fitzgerald v. City of Bangor*, 1999 ME 50, ¶ 14, 726 A.2d 1253, 1256 ("Equity will not protect a party who has . . . failed to act with reasonable diligence.").

## DECISION

Based upon the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

> The decisions of Town of Casco Planning Board and Zoning Board of Appeals are AFFIRMED, and the matter is remanded for proceedings consistent with this Decision and Order.

Dated: February 10, 2003

_____
Justice, Superior Court

6

Date Filed __02-27-02__ ___Cumberland___ Docket No. ___AP-02-09___ ____
                                    County

Action __80B Appeal__ _____

MARK A. THOMPSON
JILL THOMPSON-STETZ                    TOWN OF CASCO

                                       LEO MENARD, JR., Intevenor/Appellee

                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| FRANCIS X. QUINN, JR., ESQ.<br>P.O. Box 418<br>Portsmouth, NH 03802-0418<br>(603) 436-4010 | NATALIE L. BURNS, ESQ. (Town of Casco)<br>Ten Free Street, P.O. Box 4510<br>Portland, ME 04112<br>(207) 775-7271<br><br>WILLIAM S. KANY, ESQ.<br>P.O. BOX 1179   (Leo Menard, Jr.)<br>SACO, MAINE 04072 |

| Date of Entry | |
|---|---|
| 2002<br>Feb. 27 | Received 02-27-02:<br>Summary Sheet filed.<br>Plaintiff's Complaint for Administrative Appeal Pursuant to Rule 80B with Exhibits A-B filed. |
| Feb. 28 | On 2-28-02.<br>Briefing schedule mailed. Plaintiff's brief and record due by 4-8-02. |
| Mar. 5 | Received 03-05-02:<br>Leo Menard, Jr.'s Consented to Motion to Intervene (M.R.Civ.P. 24(a) filed. |
| "    " | Proposed Order filed. |
| Mar. 5 | Received 03-05-02:<br>Revised Summary Sheet to comply with the new ADR rules filed. |
| "    " | Plaintiff's Amended Complaint for Administrative Appeal Pursuant to Rule 80B filed. |
| Mar. 7 | Received 03-07-02:<br>Defendant's Answer filed. |
| Mar. 11 | Received 03-07-02:<br>Order filed. (Humphrey, J.).<br>The Court hereby ORDERS that Leo Menard, Jr. is shall be permitted to intervene in this matter pursuant to M.R.Civ.P.24(a), Mr. Menard shall be entitled to file pleadings and briefs and shall be entitled to receive servcie of all documents as if an original party to this action.<br>On 03-11-02 Copies mailed to Natalie L. Burns, Esq. and Francis X. Quinn, Esq.<br>3-19-02 copy mailed to: Aaron Burns Esq |
| March 14 | Received 3-14-02.<br>Summons with attached Notice and Acknowledgement for Service by Mail and Acknowledgment of Receipt of Summons and Complaint filed showing service on 3-5-02 upon Town Clerk (signature illegible) |