STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 FEB -8 A 7: 56

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-05-037

MICHAEL PENNEY,

       Petitioner

v.

STATE OF MAINE, DEPARTMENT
OF HEALTH AND HUMAN SREVICES

       Respondent

**DECISION AND JUDGMENT**
(M.R.Civ.P. 80C)

DONALD L. GARBRECHT
LAW LIBRARY

MAY 16 2007

## I. PROCEDURAL HISTORY

80C appeal from an administrative hearing officer's determination of child support obligation debt owed to the custodial parent of his child.

On October 5, 2004, the appellant, Michael Penney, was ordered to pay a support obligation of $23,248.00 for his child, Anthony Pelzer, which accrued between May 1, 1998 and May 31, 2002. R. Certified August 25, 2005 at DHS #1-3.[1] Mr. Penney filed a timely appeal of the decision and a hearing was held on February 9, 2005. *Id.* at A-1. The hearings officer upheld the original order on May 16, 2005. *Id.* Mr. Penney filed a timely appeal to this court asserting that the determination of child support arrearage was erroneous as a matter of law; that the decision was not based on substantial evidence in the record; and that the decision was arbitrary, capricious and an abuse of discretion.

After filing his appeal, Penney motioned the court to consider additional evidence consisting of previous support orders that were contained in the Department

---

[1] The State submitted two certified records, one certified on August 25, 2005 and the other certified on September 26, 2005. Some of the tabs in the two records have the same label, but are actually different documents. For the sake of clarity I will refer to the records by referencing their certification date.

of Health and Human Services' (DHHS) records. The court granted the motion over the respondent's objection and accepted evidence of two prior support orders dated August 31, 1993 and January 3, 1994. The 1993 order, which established an arrearage and set a weekly support amount, was expressly vacated by the 1994 order. The 1994 order set only an arrearage amount.

## II. DISCUSSION

The court reviews an appeal pursuant to M.R. Civ. P. 80C for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't Human Services*, 664 A.2d 369, 370 (Me. 1995). The court may reverse or modify an administrative decision only if the findings or conclusions are unlawful, ultra vires, procedurally deficient, biased, unsupported by substantial evidence on the whole record, or arbitrary and capricious. 5 M.R.S.A. § 11007(4)(C)(5). Generally, the appellant is required to raise issues for appeal during the administrative hearing prior to appealing the issue to Superior Court. *Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 5, 771 A.2d 371, 373.

### A. Jurisdiction

Once Maine issues a child support order it exercises exclusive jurisdiction over the claim as long as that remains the controlling order and the obligor remains a resident of the State of Maine. 19-A M.R.S.A. § 2965(1) (2005). If only one tribunal has issued a child support order, that then operates as the controlling order. 19-A M.R.S.A. § 2967 (1) (2005).

First, the petitioner did not raise the issue of jurisdiction until the appeal and therefore, the issue was not properly preserved for review. The petitioner asserts that Maine does not have jurisdiction over support in this case because in the original court orders, issued by DHHS in Maine, was on behalf of the State of Georgia which was

2

attempting to recoup state assistance sought by the custodian of appellant's child. Since all previous orders in this case were issued by DHHS in Maine and the record does not contain orders from any other jurisdiction, Maine has jurisdiction in this case.[2]

## B. The Arrearage Calculations

The petitioner also appeals the method of calculating the arrearage; that it was erroneous as a matter of law. He argues that the proceeding was actually a modification of an earlier support order that remained in effect and that the amount of weekly support should have been calculated according to that order.

The first prior order issued on August 31, 1993 was expressly vacated by the second order dated January 3, 1994. In the 1994 order, the arrearage was calculated using an amount that was determined to be the responsible parent's weekly obligation for the period that the custodial parent collected state support. That period is March 1, 1992 through May 1, 1993. No on-going support was ordered at that time, so it is a mischaracterization to consider the current proceeding a modification of the 1994 order. The State argues that the petitioner never objected to the income amounts submitted and that the record reveals that the amount was calculated using the child support guidelines. R. Certified August 25, 2005 at DHS #1.

## C. The Period for the Arrearage

The petitioner contends that the period for which the arrearage was imposed is not supported by the evidence in the record. Specifically, he contends that the custodial parent testified that support was unpaid from May 1998 to September 2001 and the period for which child support was imposed was May 1998 through May 2002. The hearings officer specifically found that the petitioner was not credible in his testimony

---

[2] The petitioner is currently under a support order that was established on January 27, 2003 which determines his ongoing support obligation. R. Certified on September 26, 2005 at DHS-5. His failure to challenge jurisdiction in 1993, 1994 and 2003 indicates that he failed to timely challenge jurisdiction.

concerning the time period for which he claims to have made payments, but gave him credit for all payments for which he offered proof of actually paying.[3] R. Certified August 25, 2005 at A-2.

## D. Withholding of Prior Support Orders

Finally, the petitioner contends that because he did not have access to the 1993 and 1994 orders, he could not fully challenge the allegations against him and therefore the case should be remanded in light of this "new" information. DHHS contends that the petitioner had an opportunity to present the orders in the earlier court hearing because he had notice of the prior orders when they were served on him. As discussed above, the 1993 order was vacated and the 1994 order specifically set an arrearage amount, not an on-going support requirement. The 1994 order concerned only the period between March 1, 1992 and May 1, 1993, when the custodial parent and the child were collecting support from the State of Georgia. These prior orders are not relevant to the current proceedings, which concerned support owed between May 1, 1998 and May 31, 2002 and their exclusion in no way prejudiced the petitioner.

## III. DECISION AND JUDGMENT

The clerk will make the following entry as the Decision and Judgment of the court:

- The decision of the hearings officer is affirmed. Judgment is entered for respondent.

SO ORDERED.

Dated: _February 9, 2007_

Thomas E. Delahanty II
Justice, Superior Court

---

[3] The Decision After Hearing mailed to the petitioner contains findings of fact including that: "it is clear that Mr. Strickland [the first hearing officer] decided the issue of the debt period dates correctly based on the evidence submitted at hearing . . . he believed Ms. Jones to be more credible. . . the finding was clearly within Mr. Strickland's discretion." R. Certified August 25, 2005 at A-2.The hearings officer also specifically found that the debt period calculation was based on Ms. Jones' testimony. *Id.*

4

Date Filed __JUNE 16 2005__ ____CUMBERLAND____ Docket No. ____AP-05-37____
County

Action __80C APPEAL__

MICHAEL PENNEY

DEPARTMENT OF HEALTH AND HUMAN SERVICES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MICHAEL PENNEY (PRO-SE)<br>46 THORNTON AVE<br>SOUTH PORTLAND MAINE 04106<br><br>      CHRISTOPHER LEDWICK, ESQ.<br>      P.O. BOX 7108   (Penney)<br>      PORTLAND, MAINE  04112-7108<br>      774-1486 | CARLOS DIAZ<br>ASSISTANT ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA MAINE 04333-0006<br>(207)626-8800 |

| Date of Entry | |
|---|---|
| 2005 | |