MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 51
Docket:       Yor-14-228
Argued:       February 11, 2015
Decided:      May 5, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

JAMES HARTWELL et al.

v.

TOWN OF OGUNQUIT et al.

SAUFLEY, C.J.

[¶1]  Amid continuing concerns regarding the costs and delays associated with the administrative process and appeals in municipal law, we confront this challenge: the inconsistent application of mandatory provisions in local zoning ordinances.  Wayne C. Perkins appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) vacating the Ogunquit Planning Board's site plan review and design review approval of Perkins's application to convert his garage into a lobster pound.  Because Perkins's application fails to comply with one of the Ordinance's requirements for design review, we must affirm the judgment of the Superior Court vacating the design review approval.

[¶2]  We address this procedural issue in detail in the hope of assisting towns, applicants, and interested parties in their continued efforts to develop a

2

more predictable and less expensive process.[1] We also vacate the judgment of the Superior Court with respect to site plan review and remand with instructions to remand to the Board for further proceedings consistent with this opinion.

## I. BACKGROUND

[¶3]   Over three years ago, Wayne C. Perkins applied to the Ogunquit Planning Board seeking site plan review and design review approval to convert his garage, reached from Shore Road, into a lobster pound.  Perkins indicated that, upon request of prospective purchasers, he anticipated cooking some of the lobsters before the sale.  Although the sale of live lobsters was a permitted use in the zone at issue, the cooking of lobsters presented a question of ordinance interpretation: pursuant to the Ogunquit Zoning Ordinance, did cooking the lobsters make Perkins's proposed use a prohibited "Type 3 Restaurant," or was the cooking a permissible accessory use to retailing live lobsters?

[¶4]   What should have been a simple process with a single substantive question became tangled in the requirements of the Ordinance.  After a public hearing, the Board approved Perkins's site plan review and design review application without requiring Perkins to comply with certain mandatory provisions

---

[1]  Almost ten years ago, GrowSmart Maine, in conjunction with the Brookings Institution, released a report recommending the adoption of a model local zoning ordinance.  The Brookings Institution Metropolitan Policy Program, *Charting Maine's Future: An Action Plan for Promoting Sustainable Prosperity and Quality Places*, Brookings, 9-12 (Oct. 2006), http://www.brookings.edu/research/reports/2006/10/charting-maines-future.

in the Ordinance.[2]  The Hartwells, who are abutting landowners, sought judicial review in the Superior Court.  The review resulted in a remand to the Board based on the Board's failure to apply the requirements of the Ordinance.[3]

[¶5]  On remand from the Superior Court, the Board addressed some, but not all, of the applicable provisions of the Ordinance.  Specifically, Perkins supplemented his application with the necessary written requests to waive certain provisions for site plan review approval, but he did not submit the required elevations of the property to comply with the requirements for design review approval.  *See* Ogunquit, Me., Zoning Ordinance §§ 6.6(C)(4), 11.6(A)(2) (June 14, 2011).

[¶6]  In addition, by the time the application had been remanded to the Board, the Hartwells were presenting new facts, beyond the cooking of lobsters, that they asserted demonstrated that Perkins's use was a prohibited Type 3

---

[2]  For example, for the Board to waive any of the required submissions for site plan review approval, the applicant must submit a written waiver request and the Board must find "that strict compliance with the required application submissions would unduly burden the applicant or be excessive in light of the nature of the proposed structure or activity or where there are special circumstances of a particular plan." Ogunguit, Me., Zoning Ordinance § 6.6(C)4 (June 14, 2011).  Design review approval requires the applicant to comply with the submission requirements in section 11.6 of the Ordinance, which includes submitting "[e]levations of each side of the proposed building to be constructed or altered, at a scale of at least ¼" = 1 foot, and in the case of alterations, showing conditions before and after the proposed alteration." Ogunquit, Me., Zoning Ordinance § 11.6(A)(2) (June 14, 2011).

[3]  The Superior Court (*O'Neil, J.*) stressed the Town's responsibilities when it noted that it

> has been the longstanding practice of the Town not to enforce every submission requirement listed in [the Ordinance] and not to require written waiver submissions, however, the [c]ourt reviews the law de novo.  The Ordinance requires enforcement of every submission in the absence of a reasoned waiver request.

4

Restaurant.[4]  Although it accepted this new information into the record, the Board did not make any factual findings regarding the substantive issue—the proper classification of the lobster pound.  The Board again approved Perkins's application, despite the missing elevations required for design review approval and without providing any factual findings on the substantive issue of whether Perkins's proposed use constituted a "Type 3 Restaurant" as that term is used in the ordinance.

[¶7]  The Hartwells again sought judicial review in the Superior Court pursuant to 5 M.R.S. § 11002 (2014) and M.R. Civ. P. 80B.  Again, the Superior Court (*Fritzsche, J.*) concluded that the lack of elevations and other materials required for design review approval was fatal to the approval of Perkins's application.  It also concluded, contrary to the Board's conclusion, that the facts in the record supported the Hartwells' assertion that the lobster pound was properly classified as a prohibited restaurant, not a permissible retail establishment.  The court therefore decided the substantive issue in favor of the Hartwells and vacated the Board's approval of Perkins's site plan review application.  Perkins appealed.

---

[4]  For example, the Hartwells presented evidence that Perkins was advertising the business as a restaurant, was selling other food, and was providing an outside table for customers' use.

## II. DISCUSSION

[¶8]   The matter before us involves two issues—one procedural and one substantive.  We first address the procedural challenges.

A.     Procedure

[¶9]  The procedural issue concerns the defects in Perkins's design review application and the Board's incomplete action in applying mandatory provisions of the Ordinance.  Perkins agrees that his application was subject to design review approval, *see* Ogunquit, Me., Zoning Ordinance § 11.3(C) (June 14, 2011), that the Board does not have the power to waive any of the design review submission standards, *see id.* § 11.6(A), and that specific elevations at a scale of at least 1/4" = one foot of each side of the garage were not submitted with his application for design review approval, *see id.* § 11.6(A)(2).  Therefore, despite what we can only assume will be acute frustration with the additional costs and delays, we must again remand this matter to the Board because Perkins's design review application remains incomplete.  In an attempt to prevent any further delays, we provide the following guidance.

[¶10]  When a municipal ordinance requires an applicant to submit specific information, and the ordinance neither allows for the submission of written waiver requests nor includes a provision allowing a planning board to determine that certain requirements are not applicable, the planning board has no authority to

6

disregard or waive the requirements of the ordinance. Similarly, the courts do not have the authority to determine that such mandatory requirements are *de minimis* or that the failure to include the required material constitutes harmless error. *See* M.R. Civ. P. 61.

[¶11] We are sympathetic to the limited resources of municipal governments and the efforts of often-volunteer municipal officers with no formal legal training. However, as the Superior Court correctly noted, we do not have the authority to ignore the plain language of Ogunquit's Zoning Ordinance.

[¶12] If the Town does not intend to require strict compliance with design review in all cases, especially where, as here, the alterations of an existing structure are minimal, the Town could amend the Ordinance to eliminate costly, unnecessary, or hyper-technical provisions. The Town could also provide a separate process for applicants of smaller projects so that they may by-pass the more complex requirements for applicants of larger projects and proposals, or the Town could provide a process to waive certain required submissions for design review similar to the existing waiver process for site plan review submissions.

[¶13] What the Board cannot do, however, is apply the mandatory provisions of the Ordinance to some projects but not others. The Ogunquit Zoning Ordinance, as currently written, requires the submission of elevations as stated in section 11.6(A)(2). Pursuant to the Ordinance's clear provisions, that requirement

cannot be waived, determined inapplicable, or satisfied with the photograph submitted with Perkins's application.

B.     Substance

[¶14]  The substantive issue before us concerns the scope of Perkins's use and whether certain uses by Perkins would convert a permissible retail lobster pound into a prohibited restaurant.  In the absence of factual findings by the Board, and in the face of an ongoing dispute regarding the lobster pound's actual use, the court appears to have found and relied on facts that were not found by the Board to be true or accurate, including allegations that Perkins advertised the business as a restaurant and sold dinner kits, clams, chips, and soda.  We do not defer to the court's determination on appeal.  *See Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.  However, the record before us is devoid of any factual findings by the Board at the time of its final approval regarding Perkins's use of the property, including the scope of Perkins's authorized use or any findings addressing the factual allegations of the abutters.  *See Carroll v. Town of Rockport*, 2003 ME 135, ¶ 30, 837 A.2d 148 ("[W]hen an administrative board or agency fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, we will remand the matter to the agency or board to make the findings.").  Without factual findings, we are unable to provide effective appellate review on the substantive issue.

8

### III. CONCLUSION

[¶15]   Accordingly, we affirm the judgment of the Superior Court with respect to design review approval, specifically with regard to the missing elevations required by the Ordinance.   Because there are inadequate factual findings from the Board, we must vacate the judgment of the Superior Court with respect to site plan review approval—that is, with regard to the lobster pound's use classification.   The matter is remanded to the Superior Court with instructions to remand the case to the Board for (1) review of elevations as required by the Ordinance's design review provisions and (2) further factual findings regarding the lobster pound's proper use classification.

The entry is:

> Judgment of the Superior Court affirmed with respect to design review approval.   Judgment of the Superior Court vacated with respect to site plan review approval.   Remanded to the Superior Court with instructions to remand to the Board for further proceedings consistent with this opinion.

---

**On the briefs:**

Durward W. Parkinson, Esq., and Leah B. Rachin, Esq., Bergen & Parkinson, LLC, Kennebunk, for appellant Wayne C. Perkins

John C. Bannon, Esq., and John B. Shumadine, Esq., Murray, Plumb, and Murray, Portland, for appellees James and Patricia Hartwell

**At oral argument:**

Durward W. Parkinson, Esq., for appellant Wayne C. Perkins

John B. Shumadine, Esq., for appellees James and Patricia Hartwell

York County Superior Court docket number AP-2014-01
FOR CLERK REFERENCE ONLY