STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-15-33

SHORE ACRES IMPROVEMENT
ASSOCIATION,

      Petitioner

v.

BRIAN and SANDRA LIVINGSTON

and

TOWN OF CAPE ELIZABETH,

      Respondents

DECISION AND ORDER



STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 1 1 2016

RECEIVED

Before the court is petitioner Shore Acres Improvement Association's Rule 80B appeal. Petitioner challenges respondent Town of Cape Elizabeth's issuance of a building permit to respondents Brian and Sandra Livingston. For the following reasons, the court affirms the decision of the Zoning Board of Appeals (Board).

FACTS

Petitioner Shore Acres Improvement Association is a neighborhood association for residents of the Shore Acres subdivision in Cape Elizabeth. (R. 39.) Respondents Brian and Sandra Livingston own lots 3 and 18, as well as a portion of lot 2, at 29 Pilot Point Road. (R. 151-52.) These lots are located within the Shore Acres subdivision and the Shoreland Zone of respondent Town's zoning ordinance. (R. 22, 149-50, 171.)

On November 1, 2011, Peter Spencer, a contractor with Waterman Marine Corp., filed on behalf of the Livingstons an application with the Maine Department of Environmental Protection (DEP) to replace two deteriorated structures. (R. 10, 131.) One of the structures was a bridge attached to a 12 foot by 30 foot deck, which covered a

1

deep ravine. (R. 11-16, 25, 131.) The Livingstons wished to replace this structure with a new 12 foot by 30 foot deck in the same location. (R. 17-20, 25, 131.) The other structure was a 1 foot by 20 foot block wall located under the bridge and deck structure, which the Livingstons wished to replace with riprap. (R. 10-21, 25, 131.) Both the bridge and deck structure and the block wall were nonconforming with respondent Town's zoning ordinance because they were located approximately 50 feet away from the shoreline, in violation of the 75 foot shoreline setback requirement in the Shoreland Zone. (R. 43, 51, 174; Cape Elizabeth, Me., Zoning Ordinance § 19-6-11(E)(2).)

On November 2, 2011, Mr. Spencer filed an application with respondent Town on behalf of the Livingstons for a building permit to complete these projects. (R. 127-28.) A site plan was attached. (R. 130.) Respondent Town's Code Enforcement Officer (CEO) issued the permit on November 10, 2011. (R. 127, 137.) The projects were completed by December 2011. (R. 10.)

In August 2012, Mike Morse from the DEP inspected the Livingstons' property to determine whether the deck complied with respondent Town's zoning ordinance. (R. 125.) In a memo dated August 30, 2012, Mr. Morse concluded that the CEO erred by failing to obtain Board approval before issuing the permit. (R. 125-26; see R. 168-69; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(3).) Mr. Morse's memo also stated that the deck could have been reconstructed in a location that complied with the setback requirement, and that the CEO, who accompanied Mr. Morse on the inspection, acknowledged the errors. (R. 125-26.)

Petitioner appealed the issuance of the building permit to the Board on September 19, 2012. (R. 123-24.) Petitioner argued that the deck violated the setback requirement and was constructed on land over which the residents of petitioner hold an easement. (R. 124, 139-48, 151-52.) The Board held a hearing on October 23, 2012 and

2

dismissed the appeal as untimely on the ground that it was filed more than 30 days after the permit issued. (R. 154-60.) The Board issued its decision dismissing the appeal on November 8, 2012. (R. 121-22.)

Petitioner filed a Rule 80B appeal on December 7, 2012 (AP-12-62).[1] (R. 116.) On December 13, 2013, the court vacated the Board's dismissal and remanded to the Board for consideration of the merits. (R. 120.) The court held that the "good cause" exception to the appeal period applied because petitioners did not receive notice of the permit until Mr. Morse's memo dated August 30, 2012, and they promptly filed their appeal after receiving this notice. (R. 117-20.) The court also concluded that the CEO violated section 19-4-4(B)(3) by failing to obtain Board approval before granting the permit. (R. 118-19.) On September 30, 2014, the Law Court dismissed respondents' appeal on the ground that the Superior Court's order was not a final judgment. (R. 113-14.)

On June 23, 2015, the Board held a hearing on the merits of petitioner's appeal and voted to approve the permit. (R. 24, 36.) The Livingstons submitted a letter and photographs. (R. 10-19.) Petitioners stated: "The foundation of the new structure is pinned into the ledge on top of the new riprap wall to hold back the top 6-12" of soil. This was and is an integrated structure with primary functions to prevent erosion and cover the steep ravine for safety. Therefore, relocation would be entirely unpractical." (R. 10.) Mr. Livingston testified before the Board that, "[t]he reason we did this was because we wanted to make it a safer place for our family." (R. 70.)

The Board concluded that the deck and riprap complied with the setback requirement to the "greatest practical extent" because the structures serve safety and erosion control functions by covering the ravine and therefore cannot be placed

---

[1] This appeal also included as a petitioner Barbara Freeman, who owns property across the street from the Livingstons. (R. 40, 115.) Ms. Freeman is not a petitioner in the current appeal.

elsewhere. (R. 96-112.) By letter dated June 25, 2015, the Board informed petitioner of its decision. (R. 1.) Petitioner filed its Rule 80B appeal on August 7, 2015 and its brief on October 13, 2015. Respondent Town and the Livingstons filed separate briefs on December 11, 2015. Petitioner filed a reply on January 6, 2016.

DISCUSSION

1. Standard of Review

The party challenging the decision of a municipal board has the burden of demonstrating an error of law, an abuse of discretion, or findings not supported by substantial evidence. Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024. The construction of terms in an ordinance is a question of law, which the court reviews de novo. Roberts v. Town of Phippsburg, 642 A.2d 155, 156 (Me. 1994) (citation omitted). The court gives deference to the Board's determination on questions of fact. Jordan v. City of Ellsworth, 2003 ME 82, ¶ 8, 828 A.2d 768. The court "may not substitute its judgment for that of the municipal body, but is limited to determining whether, from the evidence of record, facts could reasonably have been found by the zoning board to justify its decision." Mack v. Mun. Officers of Cape Elizabeth, 463 A.2d 717, 720 (Me. 1983).

2. 80B Appeal

a. Compliance with Section 19-4-4(B)(3)

Petitioner's primary argument on appeal is that the deck does not comply with the setback requirement to the greatest practical extent because it does not serve safety and erosion control functions, as respondents argue, and therefore can be relocated

4

beyond the setback area.[2] (Br. of Pet. 12-15; Br. of Resp. Town 5-8; Br. of Resp. Livingstons 11-15.) Section 19-4-4(B)(3) of respondent Town's ordinance provides:

> Any nonconforming structure which fails to meet the required setback from a water body, tributary stream, or wetland and which is damaged or destroyed regardless of the cause, by more than 50% of the market value of the structure before such damage, destruction, or removal may be reconstructed or replaced provided that a building permit is obtained within one (1) year of the date of said damage or destruction. The reconstruction or replacement shall be in compliance with the water body, tributary stream or wetland setback requirement to the greatest practical extent as determined by the Zoning Board of Appeals in accordance with the purposes of this district ... If the total amount of floor area and volume of the original structure can be relocated or reconstructed beyond the required setback area, no portion of the relocated or reconstructed structure shall be replaced or constructed at less than the setback requirement for a new structure.

(R. 168-69; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(3).)

In determining whether the reconstruction complies with the setback requirement to the greatest practical extent, the Board must consider the factors set forth in section 19-4-4(B)(2). (R. 169; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(3).) These factors are the size of the lot, the slope of the land, the potential for soil erosion, the location of other structures on the property and on adjacent properties, the location of any septic system, the impact on views, and the type and amount of any vegetation that must be removed to accomplish the relocation. (R. 168; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(2).) The Board also must consider whether the reconstruction is in accordance with the purposes of the Shoreland Zone. (R. 168-69; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(3).) One of the purposes of the Shoreland Zone is to maintain safe conditions. (R. 171; Cape Elizabeth, Me., Zoning Ordinance § 19-6-11(A).)

---

[2] Petitioner concedes that the riprap serves an erosion control function. (R. 56; Br. of Pet. 7.)

5

Contrary to petitioner's contention, substantial evidence exists to support the Board's finding that the deck serves safety and erosion control functions.[3] The Livingstons represented to the Board in a letter dated June 16, 2015 that the primary purposes of the deck and riprap are safety and erosion control. (R. 10.) Mr. Livingston reiterated these purposes in his testimony before the Board. (R. 69-70.) The photographs submitted by the Livingstons show a deep ravine that could be hazardous if it were not covered. (R. 11-21.) One Board member noted that the existence of a separate patio near the ravine suggests that people congregate in the area, and that the deck reduces the risk of injury. (R. 100-01.) These facts are sufficient to support the Board's finding that the deck serves safety and erosion control functions.

It is true that section 19-4-4(B)(3) requires the Board to determine whether the floor area and volume of the original structure could fit beyond the setback requirement. (R. 169; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(3).) ("If the total amount of floor area and volume of the original structure can be relocated or reconstructed beyond the required setback area, no portion of the relocated or reconstructed structure shall be replaced or constructed at less than the setback requirement for a new structure."). The record is devoid of any such finding. The court may, however, disregard the strict wording of an ordinance to avoid absurd or unreasonable results. Paradis v. Webber Hosp., 409 A.2d 672, 675 (Me. 1979). Requiring

---

[3] Petitioner also argues that the Board's findings of fact are insufficient because they merely recite the factors the Board was required to consider, without applying them to the facts. (R. 37; Br. of Pet. 7-8.) Although the Board generally must include in its findings of fact the relevant portions of the ordinance and the evidence on which the Board relied, this is not necessarily required when the facts underlying the Board's conclusion are "obvious or easily inferred from the record and the general factual findings." Wells v. Portland Yacht Club, 2001 ME 20, ¶ 10, 771 A.2d 371 (citation omitted); see Chapel Rd. Assocs. v. Town of Wells, 2001 ME 178, ¶ 12, 787 A.2d 137; see also Thacker v. Konover Dev. Corp., 2003 ME 30, ¶ 10 n.4, 818 A.2d 1013 (stating that remand was unnecessary when facts were easily identified from the record, even though findings consisted of "a preprinted checklist of findings without any original findings based upon the administrative record"). (citation to footnote only).

6

the Board to determine whether the original structure could fit beyond the setback requirement would lead to an unreasonable result because relocating the deck and riprap away from the ravine would result in a hazardous condition on the property. See Gerald v. York, 589 A.2d 1272, 1274 (Me. 1991) ("The terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole.").

b. Site Plan

Petitioner also argues that the site plan in the Livingstons' permit application is inadequate because it fails to include required elements under section 19-3-3(C). (Br. of Pet. 10-12.) Respondent Town concedes that the site plan is "not elaborate" and "could no doubt benefit from more detailed information" but maintains that the site plan includes all required elements. (Br. of Resp. Town 11-13.)

Section 19-3-3(C) requires that all building permit applications include:

> A site plan drawn to an indicated scale and showing the location and dimensions of all buildings to be erected, the sewage disposal system, driveways and turnarounds, and abutting lot and street lines. The site plan shall accurately represent the relationship between any proposed building or structure or addition to an existing building and all property lines to demonstrate compliance with the setback requirements of this Ordinance.

(R. 163-64; Cape Elizabeth, Me., Zoning Ordinance § 19-3-3(C).) Petitioner bases its argument on Hartwell v. Town of Ogunquit, 2015 ME 51, 115 A.3d 81. In Hartwell, the trial court vacated the town's design review approval on the ground that the applicant had failed to include in his application the elevations of each side of the proposed building, as required by the town's zoning ordinance. 2015 ME 51, ¶¶ 7, 9, 115 A.3d 81.

In contrast to the town in Hartwell, the Board did not waive any requirements of the site plan. See Hartwell, 2015 ME 51, ¶ 10, 115 A.3d 81. Respondent Town's ordinance requires submission of a site plan, which the Livingstons submitted.

7

Although the site plan does not clearly indicate the dimensions of the deck and riprap or their relationship to all property lines, those dimensions can be assessed based on the lot dimensions. Further, there is no question from the site plan that setback requirements would be met. See Rudolf v. Golick, 2010 ME 106, & ¶ 8, 8 A.3d 684 (" [L]ocal characterizations or fact-findings as to what meets ordinance standards will be accorded 'substantial deference.'") The Board therefore did not err in treating the site plan as adequate under section 19-3-3(C).

c. Expansion

Petitioner's final argument is that the deck is several feet larger than the original bridge and deck structure and therefore constitutes an impermissible expansion of a nonconforming structure. (Br. of Pet. 14.) Section 19-4-4-(B)(1) prohibits expansion of a nonconforming structure if the expansion increases the structure's nonconformity. (R. 167; Cape Elizabeth, Me., Zoning Ordinance § 19-4-4(B)(1).) Petitioner's only evidence to support this argument consisted of estimating the dimensions of the structures based on the photographs in the record. (R. 11-21, 56-57, 78-79.) As noted by the Livingstons' attorney, it is difficult to determine with eyesight alone that two structures differ by mere feet. (R. 66.) Moreover, the permit application represented that the deck would be the same dimensions as the original bridge and deck structure, indicating no reason for the Board to undertake an analysis under section 19-4-4(B)(1). (R. 127-28.) If the Livingstons have since built a larger structure than the permit authorized, that is an enforcement issue more appropriately directed to the CEO, and is not a ground for vacating the permit. (See R. 161; Cape Elizabeth, Me., Zoning Ordinance § 19-3-1.)

d. Property Interests

An underlying dispute in this appeal concerns whether the Livingstons have constructed the deck on land that is subject to an easement held by the property owners

8

of petitioner. The Livingstons assert that they have acquired title under 33 M.R.S. § 469-A (2015). (Br. of Resp. Livingstons 2 n.1, 10-11.) This dispute is not properly before the court because the Board did not decide the issue of who owns Surfside Avenue. (R. 95.) The Board determined whether the Livingstons had sufficient "right, title, or interest" in the property or structure to allow the permit to issue. (R. 88-90, 94-95, 105-06; see M.R. Civ. P. 80B(a) (allowing review of government action or failure or refusal to act); George D. Ballard, Builder, Inc. v. City of Westbrook, 502 A.2d 476, 481-82 (Me. 1985) (declining to address argument on issue not decided by Board).) A determination of the parties' property interests is therefore beyond the scope of this appeal.

The entry is

> The Decision of the Town of Cape Elizabeth Zoning Board of
> Appeals is AFFIRMED.

Date: March 11, 2016

Nancy Mills
Justice, Superior Court

9