STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                             CIVIL ACTION
                                                    DOCKET NO. AP-16-19

PINECREST BED AND BREAKFAST
INN LLC,

        Plaintiff

v.                          STATE OF MAINE                    ORDER
                      Cumberland, ss, Clerk's Office

                              OCT 2·5 2016
TOWN OF GORHAM,
                             RECEIVED
        Defendant

        Before the court is an appeal by PineCrest Bed and Breakfast Inn LLC from a March 24,

2016 notice of violation issued by the Gorham Fire Department. The notice of violation asserted

two fire code violations, but the parties agree that only one of those – an alleged violation based

on PineCrest's failure to have a commercial range hood in the inn's kitchen – is the subject of

this appeal.[1]

        PineCrest's primary argument is that the notice of violation and the record do not contain

findings of fact sufficient to allow meaningful judicial review.

        Review of a municipal decision under Rule 80B is for the purpose of determining

whether there was an abuse of discretion, an error of law, or findings not supported by

substantial evidence. *E.g., Camp v. Town of Shapleigh*, 2008 ME 53 ¶ 9, 943 A.2d 595, 598.[2]

Substantial evidence is evidence that a reasonable mind would accept as sufficient to form a

---

[1] The other violation – absence of a sprinkler in the porch dining room – would have been appealable to
the Gorham Board of Appeals. The Town asserts that PineCrest did not pursue such an appeal.

[2] In contrast, where an appeal from a municipal decision turns on the meaning of statutes, regulations, or
municipal ordinances, the interpretation by municipal officials is subject to *de novo* judicial review. *Coker
v. City of Lewiston*, 1998 ME 93 ¶ 6, 710 A.2d 909, 910; *Isis Development LLC v. Town of Wells*, 2003
ME 149 ¶ 3, 836 A.2d 1285, 1287 n.4.

conclusion even if the evidence would also support a contrary conclusion. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30 ¶ 8, 746 A.2d 368, 372.

The Law Court has held that in many cases, in order to allow meaningful judicial review, the municipal agency must articulate the necessary findings of fact. *E.g., Christian Fellowship & Renewal Center v. Town of Limington*, 2001 ME 16 ¶¶ 12, 14-18, 769 A.2d 834. Where the municipality's findings are insufficient to apprise the reviewing court of the basis for the municipal decision and whether the decision is supported by substantial evidence, remand is appropriate. *Id.* ¶¶ 14-15; *Wells v. Portland Yacht Club,* 2001 ME 20 ¶ 10, 771 A.2d 371.

However, there is no hard and fast rule that when agencies have failed to articulate findings of fact, the case must be remanded. *Christian Fellowship*, 2001 ME 16 ¶ 19. In some cases the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and remand is unnecessary. *Wells v. Portland Yacht Club*, 2001 ME 20 ¶ 10; *Christian Fellowship,* 2001 ME 16 ¶ 19.

In this case the notice of violation states only:

> A commercial hood with built in fire suppression system is required in your kitchen as the kitchen is being used in your off-site catering business; this is required by the Life Safety Code 101 and NFPA 96 Standards for Commercial Cooking Operations . . . .

(R. 14).

This notice sets forth only the most cursory findings of fact and does not set forth the specific sections of the Fire Code that are alleged to be violated. Accordingly, a remand is required unless the necessary facts can be inferred from the record and are essentially uncontested.

In fact, the necessary facts can readily be inferred from the record. First, although the Fire Code and NFPA Standard 96 – the standard applicable to commercial cooking equipment – do

2

not define "commercial," the ordinary meaning of commercial means used in commerce. The record establishes it is not disputed that PineCrest is using its cooking equipment in commerce.

PineCrest's complaint alleges that the bed and breakfast operates with seven guest rooms and houses a restaurant that can accommodate a maximum of 20 guests and serves 8 or 9 guests per night on average. Complaint ¶¶ 14-15. PineCrest's complaint also alleges that the Inn has provided catering services for small on-site and off-site events. *Id.* ¶ 17.

In its brief PineCrest asserts that "as a practical matter, the restaurant was closed as of October 2015." PineCrest Br. 2. This fact is not contained in the administrative record. In any event, the record demonstrates that as of the time that notice of violation was issued, the Town had informed PineCrest that a commercial range hood would not be required if all PineCrest was doing was providing a continental breakfast to overnight guests. (Supp. R. 111).[3] However, PineCrest objected, stating that if only continental breakfasts were allowed, "Have you any idea what that would cost in terms of lost revenue?" (Supp. R. 108). PineCrest's emails also object to the imposition of commercial cooking requirements based on the claim that they were not being applied to home catering businesses. (Supp. R. 110). When PineCrest complains that "you cannot strip away the revenue source of a business" (Supp. R. 110), it is acknowledging that it is using its kitchen for commercial purposes.

Second, some or all of the specific code provisions at issue are identified in an October 15, 2015 response from PineCrest to the Fire Department's initial report, which contained a long list of potential violations, many of which on the list were eventually corrected or otherwise resolved. PineCrest's October 15, 2015 response (R. 10-13) specifically lists the sections of the Fire Code that are at issue with respect to each potential violation.

---

[3] References to "Supp. R." refer to certain documents that predated the issuance of the notice of violation – a letter sent to PineCrest by the Gorham Fire Department and an exchange of emails between PineCrest and the Town – that are contained in the supplemental record filed by the Town.

On the kitchen hood issue, PineCrest's response lists subsections 9.2.3, 4.1.1, 5.1.1, 5.1.2, and 5.1.4. (R. 12). Section 9.2.3 of the Fire Code is the subsection that requires that "Commercial cooking equipment shall be in accordance with NFPA 96, *Standard for Ventilation Control and Fire Protection of Commercial Cooking Operations.*" (R. 91). Subsection 4.1.1 of NFPA 96 states that cooking equipment used in processes producing smoke or grease-laden vapors shall be equipped with an exhaust system that complies with the requirements of NFPA 96. (R.60). Subsections 5.1.1, 5.1.2, and 5.1.4 of NFPA 96 specify the approved materials from which kitchen hoods shall be constructed, the requirement that there be a continuous external weld, and the requirement that all internal components of kitchen hoods be sealed or otherwise made greasetight. (R. 61). Accordingly, the record demonstrates that PineCrest was aware of the fire code provisions that were at issue.

Perhaps most importantly, PineCrest's October 15, 2015 response demonstrates that PineCrest acknowledged that it was not in compliance. In its response PineCrest states that the kitchen hood had been installed in approximately 2001 and further states, "Hood as installed at that time does not meet commercial installation standards." (R. 12). This constitutes substantial evidence supporting the Town's finding of a fire code violation.

It bears emphasis that not only can the necessary subsidiary facts be inferred from the record in this case but those facts are undisputed. PineCrest acknowledged that it is using its kitchen for commercial purposes and it acknowledged that that its kitchen hood does not meet the commercial standard. Under those circumstances no remand is necessary.

One other issue remains to be addressed. Under the Fire Code, the standard applicable to Commercial Cooking Operations does not apply "if all of the following conditions are met." NFPA Standard 96 § 1.1.4 (R. 56) (emphasis added). One of the required conditions is that "the

4

authority having jurisdiction has approved the installation." Standard 96 § 1.1.4 (4) (R. 56). Although PineCrest argues that there is no finding in the record that the exception in § 1.1.4 does not apply in this case, the court concludes that the Gorham Fire Department's issuance of a notice of violation is sufficient evidence that the Town has not approved the Inn's use of a non-commercial range hood. No remand is required to determine if the remaining conditions of § 1.1.4 would be met.

The entry shall be:

The March 24, 2016 Notice of Violation issued by the Gorham Fire Department to PineCrest Bed and Breakfast Inn LLC is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October __25__, 2016

Thomas D. Warren
Justice, Superior Court

5